**INTERNATIONAL SERVICE INSURANCE COMPANY et al., Appellants,**

**v.**

**Penn J. JACKSON et al., Appellees.**

**No. 10767.**

Court of Civil Appeals of Texas.

Austin.

April 27, 1960.

Rehearing Denied May 18, 1960.

Heard L. Floore, Fort Worth, O'Quinn, McDaniel & Randle, Howell Finch, Austin, for appellants.

Will Wilson, Atty. Gen., Fred B. Werkenthin, R. V. Loftin, Jr., Asst. Attys. Gen., for appellees.

GRAY, Justice.

This suit was filed by appellants, International Service Insurance Company and Fort Worth Lloyds, against appellees, the State Board of Insurance and the Commissioner of Insurance, to set aside an order of the Board prescribing the form of statements to be used in fire insurance policies wherein it is stated that the said policy is 100% reinsured in another company. The order is applicable to all insurance companies writing fire insurance and permits the statement to be used only when the original insurer and the reinsurer are permitted by law and the rules and regulations of the Board to charge and collect the same and identical rate of premium for the risk insured and further provides that such policies must be issued and endorsed by agents authorized to bind each of the companies on such policies.

Pending a final hearing on the merits a temporary restraining order and a temporary injunction was prayed for. The cause was set down for hearing on the application for a temporary injunction and at that hearing the trial court, on December 31, 1959, found:

" * * * that the Plaintiffs in this lawsuit are attacking an Order dated April 16, 1959, entered by said State Board of Insurance under the terms of Subchapter C of Chapter 5 of the Texas Insurance Code of 1951 as amended, more particularly Articles 5.35 and 5.36 thereof. More than thirty (30) days having elapsed since the entry of said Order, this Court is without jurisdiction to entertain an appeal therefrom. Further this Court, by the terms of Article 5.40 of said Subchapter C of the Insurance Code, is without jurisdiction to enter a temporary injunction enjoining the enforcement of said Order."

The temporary injunction applied for was denied and this appeal is from that order.

Appellants had entered into a contract and agreement whereby International reinsured the liability of Lloyds on fire and extended coverage policies and contracts. The terms of that agreement in part provided for:

" * * * reinsuring and assuming 100% of the liability of Lloyds, and in each instance providing for net premium payments to International of less than 100% of the premium charge to the insureds; the latter being accomplished by a provision for 100% of insured's premium going to International as reinsurer, but also providing for a commission back to Lloyds from International as respects such reinsured business."

Appellants alleged that Lloyds is not subject to rate regulation on fire insurance and that it has and does write fire insurance policies and contracts at rates substantially lower than the rates promulgated and approved for the writing of fire insurance by companies subject to rate regulation, and that International is subject to such rate regulation.

The order appealed from leaves in force the order of the Board which prevents the carrying out, or on, the contract and agreement between appellants.

The order in question originated February 10, 1959, when the Commissioner promulgated his order. Appellants appealed that order to the Board and on April 16, 1959, the Board, without sub-

stantial change, affirmed the Commissioner's order. This suit was filed November 20, 1959—more than thirty days after entry of the complained of order by the Board.

Appellants' two points are that the trial court erred:

"* * * in dismissing this case for want of jurisdiction because it was filed more than thirty days after entry of the order of the State Board of Insurance modifying and affirming the order of the Commissioner of Insurance."

and

"* * * in ruling that the District Court did not have jurisdiction to temporarily enjoin the enforcement of the order of the Commissioner of Insurance as modified and affirmed by the State Board of Insurance."

Art. 5.40, Texas Insurance Code, V.A. T.S., provides that after the making of regulations, orders, rates or schedules by the Board any interested person dissatisfied with such action

"shall have the right, within thirty (30) days after the making of such regulation or order, or rate, or schedule or within thirty (30) days after hearing above provided for, to bring an action against said Board in the District Court of Travis County to have such regulation or order or schedule or rate vacated or modified; * * *"

The above statute further provides that:

"No injunction, interlocutory order or decree suspending or restraining, directly or indirectly, the enforcement of any schedule, rate, order or regulation of said Board shall be granted. In such suit, the court, by interlocutory order, may authorize the writing and acceptance of fire insurance policies at any rate which in the judgment of the court is fair and reasonable, during the pending of such suit, upon condition that the party to such suit in whose favor the said interlocutory order of said court may be, shall execute and file with the Board a good and sufficient bond to be first approved by said court, conditioned that the party giving said bond will abide the final judgment of said court and will pay to the Board whatever difference in the rate of insurance, it may be finally determined to exist between the rates as fixed by the Board complained of in such suit, and the rate finally determined to be fair and reasonable by the court in said suit, and the said Board, when it receives such difference in money, shall transmit the same to the parties entitled thereto."

If the time limit fixed by Art. 5.40, supra, is applicable here then appellants' action was not timely brought. However they say that Art. 5.40 was repealed by Senate Bill 222, Acts 1957, 55th Leg.Ch. 499, p. 1454, sometimes herein referred to as the Act. Section 1 of that Act states that:

"The purpose of this Act is to reorganize the agency charged with administration of the insurance laws of this state in accordance with the provisions of this Act and to make such changes in the Insurance Code, and the construction of the terms of the Insurance Code, as are necessary to accomplish the purposes of this Act. All reference to the 'Insurance Code' are to the Insurance Code enacted by Chapter 491, Acts of the 52nd Legislature, 1951, as amended."

The Act names the Commissioner of Insurance the chief executive and administrative officer. Section (d) of Art. 1.04 of the Act provides that any person affected by any action or ruling of the Commissioner shall have the right to have such action or ruling reviewed by the Board by making application for such review, and provides that the Board shall, within thirty days after such application is filed and after ten

days' notice to parties of record, review the complained of action.

Section 1.04(f) provides:

"If any insurance company or other party at interest be dissatisfied with any decision, regulation, order, rate, rule, act or administrative ruling adopted by the State Board of Insurance, such dissatisfied company or party at interest after failing to get relief from the State Board of Insurance, may file a petition setting forth the particular objection to such decision, regulation, order, rate, rule, act or administrative ruling, or to either or all of them, in the District Court of Travis County, Texas, and not elsewhere, against the State Board of Insurance as defendant. Said action shall have precedence over all other causes on the docket of a different nature. The action shall not be limited to questions of law and the substantial evidence rule shall not apply, but such action shall be tried and determined upon a trial de novo to the same extent as now provided for in the case of an appeal from the Justice Court to the County Court. Either party to said action may appeal to the Appellate Court having jurisdiction of said cause and said appeal shall be at once returnable to said Appellate Court having jurisdiction of said cause and said action so appealed shall have precedence in said Appellate Court over all causes of a different character therein pending."

The Act amends named articles of the Insurance Code which are not pertinent to our inquiry here. Art. 5.40, supra, is not named. By section 8 of the Act it is provided that:

"All laws or parts of laws in conflict with the provisions of this Act are hereby repealed to the extent of conflict only."

The Act provides for appeals from orders of the Commissioner to the Board. Sec.

1.04(d), supra. And if interested parties are dissatisfied with the action of the Board, Sec. 1.04(f) provides that a petition against the Board as defendant may be filed in the district court of Travis County and not elsewhere. It is to be noted that the Act provides that the Board shall execute its duties through the Commissioner. Art. 1.04(b). It also provides for an appeal from orders of the Commissioner to the Board. Art. 1.04(d).

Section 1.04(f), supra, has been held to be a mandatory and jurisdictional designation of venue of suits against the Board. Goff v. State Board of Insurance, Tex.Civ. App., 319 S.W.2d 383. The court cited Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 367, 372. There the court said:

" * * * where the suit is to enforce a right which exists only by operation of the statute, and not under the Constitution or the common law, it does lie within the power of the Legislature to designate a particular court as an exclusive tribunal to hear and determine such suit. In such a case where the statute, as this one does, provides that the suit shall be filed in a particular court, it demonstrates a conclusive legislative intent to designate such court as the only tribunal where such matter can be litigated, and, as said by our Supreme Court, speaking through Judge Cureton, in Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1088: 'In special proceedings not within the common-law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional.' "

There is no contention that the right in issue here is other than a purely statutory remedy and none as to the venue, of such remedy.

Prior to the enactment of Senate Bill 222, supra, the Insurance Code contained numerous articles governing appeals from the Board's orders and by its enactment a

uniform method of appeal was provided. State Board of Insurance v. Adams, Tex. Civ.App., 316 S.W.2d 773, 777. This uniform method of appeal was accomplished by providing that orders should be made by the Commissioner, providing for an appeal to the Board from his order and fixing jurisdiction and venue of appeals from the action of the Board.

█ Section 1.04(f), supra, is silent as to the time within which an appeal from the Board's action must be taken. However the provision that the cause shall have precedence over all other causes of a different nature evidences the legislative intent against delay. By sec. 8, supra, the Legislature provided that the Act repealed existing laws in conflict with the Act to the extent of the conflict only. If there is a conflict between the provisions of the Act and the thirty day provision contained in Art. 5.40, supra, it is because of the jurisdictional and venue provisions above mentioned. Such conflict cannot be said to arise because of any statement contained in the Act fixing the time in which the appeal must be taken but it arises, if at all, because the Act is silent as to such time. There is no express repeal of the thirty day provision and if it is to be held that the same is repealed it must be by implication which is not favored. There is nothing in the Act that is repugnant to the thirty day provision. In Wintermann v. McDonald, 129 Tex. 275, 102 S.W.2d 167, 171, 104 S.W.2d 4, the court said:

"Repeal of laws by implication is not favored. 39 Tex.Jur. § 75, p. 140; 59 C.J., § 510, p. 905. In the absence of an express repeal by statute, where there is no positive repugnance between the provisions of the old and new statutes, the old and new statutes will each be construed so as to give effect, if possible, to both statutes. 39 C.J. § 75, p. 140."

The above statement is approved in Dendy v. Wilson, 142 Tex. 460, 179 S.W.2d 269, 151 A.L.R. 1217.

In keeping with the declared purpose of the Act the Legislature provided that the duties of the Board shall be executed through the Commissioner as therein provided. The act then provides that interested parties may appeal from the Commissioner's orders to the Board, and from the Board's orders to the district court of Travis County. This constitutes the reorganization of "the agency charged with administration of the insurance laws." The further declared purpose of the Act was to make such changes in the Insurance Code "as are necessary to accomplish the purpose of this Act."

The time within which an appeal must be taken from the Board's orders is provided by the Insurance Code, Art. 5.40 and it was not necessary to change that time, or to redeclare it, in order to accomplish the purpose of the Act.

█ "A repeal by implication will be adjudged only when such result is inevitable or was plainly intended by the Legislature * * * the court will endeavor to harmonize and reconcile the various provisions and if both acts can stand together, the rule is to let them stand. 39 Tex.Jur. p. 140 et seq." Texas & N. O. R. Co. v. W. A. Kelso Building Material Co., Tex.Civ.App., 250 S.W.2d 426, 430. Er.ref., n.r.e. "The implication must be clear, necessary, irresistable, and free from reasonable doubt." 82 C.J.S. Statutes § 288, p. 486. Also 50 Am.Jur., Sec. 538, p. 542.

█ Applying the above tests to the issue here it cannot be said that the thirty day provision for taking an appeal from the order of the Board as contained in Art. 5.40, supra, was repealed by Senate Bill 222. There is nothing to prevent the two provisions from standing together and it is our opinion that Art. 5.40 fixes the time within which an appeal from the Board's order must be taken, and since the appeal here was not taken within that time appellants' point one does not present error.

Our second quote supra from Art. 5.40 is applicable to appellants' second point. However our holding that the appeal was not timely taken disposes of the second point because the trial court never acquired jurisdiction of the appeal.

The trial court did not err in dismissing the cause for want of jurisdiction. Appellants' points are overruled and the judgment of the trial court is affirmed.

Affirmed.