Ramiro R. RAMIREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 12481.

Court of Civil Appeals of Texas, Austin.

April 13, 1977.

Jane C. Clarke, James D. Krause, Bexar County Legal Aid Association, San Antonio, for appellant.

John L. Hill, Atty. Gen., William J. Craig, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Ramiro R. Ramirez, defendant below, appeals from order of a Travis County trial court overruling his plea of privilege to be sued in Bexar County.

The Attorney General brought suit in Travis County to collect money due on certain promissory notes executed by Ramirez when he obtained loans to finance his college education under the Student Loan Program provided under Chapter 52, Title 3, *Higher Education,* of the Texas Education Code.

Ramirez executed the notes in Bexar County, where he was a resident at that time and where he resided when suit was filed. The Attorney General filed suit in Travis County, on behalf of the Coordinating Board of the Texas College and University System, pursuant to Section 52.39 prescribing venue for such suits.

In filing his plea of privilege to be sued in Bexar County, Ramirez contended and contends on appeal that venue is determined by Article 1995, Section 5(b), V.A.C.S., as made effective August 27, 1973 (Acts 1973, 63rd Leg., p. 489, ch. 213, sec. 1), under the claim that student loans, secured from the State by promissory notes, are "consumer transactions." By the amendment of 1973, Section 5(b), as relied on by appellant, was made to read:

"In an action founded upon a contractual obligation of the defendant to pay money arising out of or based upon a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household or agricultural use, suit by a creditor upon or by reason of such obligation may be brought against the defendant either in the county in which the defendant in fact signed the contract, or in the county in which the defendant resides at the time of the commencement of the action. No term or statement contained in an obligation described in this subsection shall constitute a waiver of this provision."

In response to appellant's plea of privilege, the Attorney General filed a controverting plea asserting that venue exists in Travis County under special venue provisions of Section 52.39 of the Education Code and Article 1995, Section 30 (1964).

Section 52.39 of the Education Code provides:

"When any person who has received a loan authorized by this chapter has failed or refused to make as many as six monthly payments due in accordance with an executed note, then the full amount of the remaining principal and interest becomes due and payable immediately, and the amount due, the person's name and his last known address, and other necessary information shall be reported by the board to the attorney general. Suit for the remaining sum *shall be instituted by the attorney general,* or any county or district attorney acting for him, *in the county of the person's residence, the county in which is located the institution at which the person was last enrolled, or in Travis County,* unless the attorney general finds reasonable justification for delaying suit and so advises the board in writing." (Emphasis added)

Section 30 of Article 1995 is the special venue provision of the general venue statute. It states:

"Whenever in any law authorizing or regulating any particular character of ac-

tion, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

After overruling appellant's plea of privilege, the trial court filed findings of fact and conclusions of law.

We will affirm order of the county court at law overruling the plea of privilege.

Appellant brings three points of error. Under the *first,* appellant contends that the student loan, made pursuant to Chapter 52 of the Education Code, is by statutory definition within the meaning of a "consumer transaction" as used in Article 1995, Section 5(b).

The trial court concluded that the student loan did not constitute a consumer transaction for goods, services, loans or extension of credits intended primarily for personal, family, household or agriculture use. We find it unnecessary to determine whether a student loan financed by the State may be construed to be a "consumer transaction."

Appellant's *second* point of error is that venue is controlled by Article 1995, Section 5(b), and not by Section 30 of Article 1995 and Section 52.39 of the Education Code.

Section 52.39 was passed by the Legislature in 1965, and subsequently was reenacted as part of the Education Code in 1969. Article 1995, Section 5(b), was passed by the Legislature in 1973 as amendment of the general venue provisions of Article 1995.

Appellant contends that by the enactment in 1973 of the amendment to Section 5(b) there was an implied repeal of the specific venue provisions of Section 52.39 of the Education Code.

■ Repeal of a statute by implication is not favored in the law. *Wintermann v. McDonald,* 129 Tex. 275, 102 S.W.2d 167 (1937); *Townsend v. Terrell,* 118 Tex. 463, 16 S.W.2d 1063 (1929); *Fortinberry v. State,* 283 S.W. 146 (Tex.Com.App.1926, opinion adopted); *American Canal Co. of Texas v. Dow Chemical Co.,* 380 S.W.2d 662 (Tex.Civ.App., Houston 1964, writ dism'd); *Miller v. Calvert,* 418 S.W.2d 869 (Tex.Civ.

App., Austin 1967, no writ); *International Service Insurance Co. v. Jackson,* 335 S.W.2d 420 (Tex.Civ.App., Austin 1960, writ ref'd n. r. e.).

Repeal by implication is indulged only if the inconsistency between the legislative acts is irreconcilable. *Townsend v. Terrell, supra.* For repeal by implication to occur, the implication must be "clear, necessary, irresistible, and free from reasonable doubt." *International Service Insurance Co. v. Jackson, supra,* quoting 82 C.J.S. *Statutes* § 288, p. 486.

Even if it be assumed that a "Texas Opportunity Plan Fund" student loan could be classified as a "consumer transaction," a question we do not decide, nevertheless the correct rule of statutory construction, where a conflict exists between a general statute, such as Article 1995, Section 5(b), and a specific statute, such as Section 52.39 of the Education Code, is that the general statute is controlled, or limited, by the specific statute. The specific statute is the clearer evidence of legislative intent. *Townsend v. Terrell, supra; Trinity Universal Insurance Co. v. J. C. McLaughlin,* 373 S.W.2d 66 (Tex.Civ.App., Austin 1963, no writ). See also *Morrow v. State,* 509 S.W.2d 726 (Tex.Civ.App., Austin 1974, no writ).

Later enactment of a general law does not ordinarily repeal by implication an earlier enacted special or particular law. *Flowers v. Pecos River R. Co.,* 138 Tex. 18, 156 S.W.2d 260 (1941); *American Canal Co. of Texas v. Dow Chemical Co., supra.* Article 1995, Section 30, makes special provision for such express prescription of venue as found in Section 52.39 of the Education Code. We conclude that enactment in 1973 of Section 5(b) of Article 1995 did not repeal by implication Section 52.39 of the Education Code.

Appellant argues that even if repeal by implication has not occurred, Article 1995, Section 5(b), is the proper designation of venue because appellant contends, it is a *mandatory* provision, whereas Section 52.39 is, as characterized by appellant, a *permissive* venue provision.

Analysis of Section 52.39 shows that the statute contains the language, "Suit . . . shall be instituted by the attorney general . . . ." and contains the provision, ". . . unless the attorney general finds reasonable justification for delaying suit and so advises the board in writing." The former language contains the word "shall." The latter language is a specific provision requiring written notification by the Attorney General to the Coordinating Board if the Attorney General finds reasonable justification for delay in filing suit as required in the preceding language.

Although the word "shall," when used in a statute, may be, and frequently is, merely directory, the word is generally construed to be mandatory. *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943 (1956); *DeLeon v. Periman,* 530 S.W.2d 174 (Tex.Civ.App., Amarillo 1975, no writ). In determining whether a particular usage is mandatory or permissive, the entire Act should be considered, including the object and nature of the Act, and also consequences of either interpretation. *Burton v. Ferrill,* 531 S.W.2d 197 (Tex.Civ.App. Eastland 1975, writ dism'd), quoting *Chisholm v. Bewley Mills, supra; Kessler v. Texas Employers' Insurance Association,* 421 S.W.2d 133 (Tex.Civ.App., Eastland 1967, writ ref'd n. r. e.), quoting *Gayle v. Alexander,* 75 S.W.2d 706 (Tex.Civ.App., Waco 1934, no writ).

If the provision in question is included by the Legislature simply to promote prompt, orderly, and proper business conduct, the word "shall" is generally construed not to be mandatory. *Chisholm v. Bewley Mills, supra.* If the provision is the very essence of the thing to be done, the converse rule is applicable and the word "shall" is mandatory.

The essence of Chapter 52, Title 3, of the Education Code is the funding, distribution, and repayment of student loans. Enforcement of repayment goes to a central purpose of the statute. The Legislature thus made venue in Section 52.39, man-

datory by setting out those counties in which, in case of default, the Attorney General "shall" bring suit, and by requiring in the alternative written notice from the Attorney General to the Coordinating Board of the Texas College and University System, based upon reasonable justification for nonobservance of the mandatory duty to file suit in one of the appropriate counties.

Under his *third* and final point of error, appellant contends that the venue provision of Section 52.39 is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

 We conclude that Section 52.39 is constitutional and that appellant has not been deprived of due process. Numerous provisions throughout Texas statutes provide for special venue as in Section 52.39, and as provided by Article 1995, Section 30. Many of these provisions allow the Attorney General to file suit in Travis County on behalf of the State. See 1 McDonald, *Texas Civil Practice,* § 4.37 (1965); Sheppard, *Texas Administrative Procedure for the Practicing Attorney,* 8 Baylor L.Rev. 385 (1956).

Appellant had adequate notice, was served with process, filed his plea of privilege, and has answered with a general denial subject to the plea of privilege. Appellant has ample opportunity to be heard in Travis County under Section 52.39, without being subjected to a distant forum abuse as was contemplated by the Legislature in Article 1995, Section 5(b).

The order of the trial court overruling the plea of privilege is affirmed.