**The STATE of Texas, Appellant,**

v.

**ONE 1977 OLDSMOBILE VIN # 3M57R7R108795 and One Brown Leather Bag Containing Marihuana and Amphetamine, Appellees.**

**No. 2–84–224–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 20, 1985.

Tim Curry, Crim. Dist. Atty., and David K. Chapman, Asst. Dist. Atty., Fort Worth, for appellant.

Layne H. Harwell, Lee Ann Dauphinot and T. Richard Alley, Fort Worth, for appellees.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION ON MOTION FOR REHEARING

HILL, Justice.

Our original opinion reversed the judgment of the trial court and rendered judgment that the vehicle in question be seized and sold at public auction with the proceeds of sale to be delivered to and disbursed by the District Clerk of Tarrant County, Texas, pursuant to Texas Controlled Substances Act, TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.08(b)(1) and (2) (Vernon Supp.1985). Appellee's motion for rehearing alleges six points of error all of which are overruled and the motion is denied.

The State has filed a motion for rehearing and motion to modify judgment requesting that title to the vehicle be ordered vested in the City of Euless, Texas, pursuant to the provisions of sec. 5.08(c) of art. 4476–15.

The State's motion is granted. The original opinion and judgment are withdrawn and the following opinion is substituted therefor.

The State of Texas appeals from the trial court's order denying forfeiture upon a 1977 Oldsmobile which the State alleges was used or intended for use to transport or facilitate the transportation, possession or concealment of amphetamine and marihuana. In a sole point of error, the State contends that the evidence presented established its right to forfeit the vehicle as a matter of law.

We reverse and remand to the trial court with instructions to enter an order of forfeiture because we find that the evidence established the State's right to forfeit the vehicle as a matter of law.

The evidence established that Robert R. Torres went to The Captain's Den, a Euless bar. He left the bar with an unidentified woman and walked out to his 1977 Oldsmobile, the vehicle in question. Inside the car was a brown leather bag belonging to Torres. The couple got into the car and started driving down Highway 157. The woman opened the bag and removed a pipe. She filled the pipe with some marihuana that Torres kept in the leather bag. She then said, "[h]ere is something for you," and placed an object in the bag. Torres joined her in smoking the marihuana. They drove around awhile and then returned to the parking lot, where the woman returned to her car. Torres began driving home.

Euless police officers arrested Torres because of his erratic driving. Thinking that it contained a concealed weapon, the officers recovered the brown bag and its contents, which consisted of a chrome pipe with a marihuana-like residue, two cigarette papers, a short section of clear plastic straw, a brown plastic container with a usable quantity of marihuana, a Bic lighter, a napkin, a small metal box containing a white tablet, and a small glass bottle containing white methamphetamine granules.

TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03 (Vernon Supp.1985), The Controlled Substances Act, provides:

### Forfeitures

Sec. 5.03. (a) The following are subject to forfeiture as authorized by this subchapter:

(1) all controlled substances that are or have been manufactured, distributed, dispensed, delivered, acquired, obtained, or possessed in violation of this Act; ...

\* \* \* \* \* \*

(5) any conveyance, including aircraft, vehicles, vessels, trailers, and railroad cars, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of any property described in paragraph (1), (2), or (3) of this subsection, provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act or an offense under Section 4.052 of this Act; ...

*Id.*

In order to forfeit the vehicle, the State was required to prove that the vehicle was used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of any controlled substance manufactured, distributed, dispersed, delivered, acquired, obtained, or possessed in violation of the Act. Marihuana is such a controlled substance. TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 2.03(d)(13) (Vernon Supp.1985). There are no findings of facts and conclusions of law, but impliedly the trial court failed to find on behalf of the State with respect to these facts.

■ When dealing with an appeal from the fact finder's refusal to find a vital fact, the proper consideration for the appellate court is whether that fact was conclusively established by the evidence. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 364 (1960). The evidence must be examined by the appellate court to determine whether the fact was established as a matter of law. *Id.* Further, as the appellee reminds us in his brief, when findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984); *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977).

■ "Transport" is not defined by the Act. It is defined by Webster's Third New International Dictionary as "to ... convey from one person or place to another." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2430 (1981). Torres used this vehicle to convey the marihuana from one place to another while driving around with the woman from The Captain's Den. When arrested, he was conveying it from the bar to his home. We therefore find Torres used the vehicle to transport the marihuana. *See State v. One 1970 2-Door Sedan Rambler (Gremlin)*, 191 Neb. 462, 215 N.W.2d 849, 851 (1974).

The State argues that it established other grounds for forfeiture, but in light of our holding that the vehicle was used to transport the marihuana, it is not necessary for us to consider this portion of the State's argument.

■ Torres appears to argue that even if the State conclusively establishes grounds for forfeiture, the trial court has discretion to deny forfeiture. We find that this question is answered by sec. 5.07(d) of the Texas Controlled Substances Act, which provides as follows:

If it is found that the property is subject to forfeiture, then the judge shall upon motion forfeit the property to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers....

TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.07(d) (Vernon Supp.1985). Although the word "shall", when used in a statute, may be, and frequently is, merely directory, the word is generally construed to be mandatory. *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956); *Inwood North Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 744 (Tex.Civ.App.— Houston [1st Dist.] 1981, no writ); *Ramirez v. State*, 550 S.W.2d 121, 124 (Tex. Civ.App.—Austin 1977, no writ). In determining whether a particular usage is mandatory or permissive, the entire act should be considered, including the object and nature of the act, and also consequences of

either interpretation. *Chisolm v. Bewley Mills*, 287 S.W.2d at 945; *Ramirez v. State*, 550 S.W.2d at 124. If the provision in question is included by the Legislature simply to promote prompt, orderly, and proper business conduct, the word "shall" is generally construed not to be mandatory. *Chisholm v. Bewley Mills*, 287 S.W.2d at 945; *Ramirez v. State*, 550 S.W.2d at 124. If the provision is the very essence of the thing to be done, the converse rule is applicable and the word "shall" is mandatory. *Ramirez v. State*, 550 S.W.2d at 124.

◼ The very essence of the Texas Controlled Substances Act is the suppression of drug traffic and use by the imposition of penalties, including forfeiture, upon those who choose to violate the Act. We therefore find the provisions of sec. 5.07(d) of the Act to be mandatory. We sustain point of error number one.

Judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter an order forfeiting the 1977 Oldsmobile VIN # 3M57R7R108795. The order of forfeiture shall comply with the provisions of TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.08.