**The STATE of Texas, Appellant,**

v.

**$8,353.00 U.S. CURRENCY, Appellee.**

**No. 3–90–140–CV.**

Court of Appeals of Texas,
Austin.

May 8, 1991.
Rehearing Overruled June 5, 1991.

Dan Morales, Atty. Gen., April Bacon, Asst. Atty. Gen., Austin, for appellant.

Jay Doyle, Kuhn, Doyle & Kuhn, P.C., Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

The State appeals from an order of dismissal in a forfeiture proceeding brought under the former provisions of the Texas Controlled Substances Act.[1] The trial court found that the State failed to request a hearing within the thirty-day period mandated by the Act, dismissed the suit with prejudice, and ordered the return of funds to the claimant. We must decide whether the State's failure to request a hearing within thirty days deprived the district court of its jurisdiction over the dispute. We will reverse the judgment and remand the cause.

On April 6, 1989, the Austin Police Department seized $8,353.00 from Johnny Wolridge (the claimant), Orelia Neely, and Alvarado Hardeman. The State filed a notice of seizure and intended forfeiture, and criminal charges against the three. The State alleged that the money seized was derived from the sale, manufacture, distribution, dispensation, delivery, or other commercial undertaking in violation of the Texas Controlled Substances Act.

Neely and Hardeman answered the lawsuit, but later agreed to judgments awarding their interest in the seized currency to the State. The claimant filed his verified general denial on May 18, 1989. On July 26, 1989, claimant filed a motion seeking dismissal of the cause for want of jurisdiction and an order releasing the property to him.

On August 18, 1989, a trial judge heard the merits of the claimant's motion. The claimant argued that the cause should be dismissed because the Act required the State to request a trial setting within thirty days after the claimant filed his answer, and the State had not complied. Act § 5.07(a) (repealed 1989). This judge ruled that the statute was directory and not mandatory, but ordered that the cause be set for hearing within thirty days or be dismissed with prejudice. On agreement of the parties, the time for hearing was later extended until October 31, 1989.

---

1. Texas Controlled Substances Act, 1973 Tex. Gen.Laws, ch. 429, § 5.04, at 1159 (Act § 5.04); 1983 Tex.Gen.Laws, ch. 425, §§ 18–24, at 2394–2415 (Act §§ 5.03, .05, .06, .07, .08); 1985 Tex. Gen.Laws, ch. 227, §§ 11, 13, 14, at 1123–25 (amending Act §§ 5.03(a), .07(a), .08(b), (f)); 1987 Tex.Gen.Laws, ch. 525, § 2, at 2134 (amending Act § 5.08(a)) [Tex.Rev.Civ.Stat. art. 4476–15, § 5.03–.08, since repealed and codified at Tex.Code Cr.P.Ann. arts. 59.01–.10 (Supp. 1991)]. The new forfeiture provisions, effective October 18, 1989, do not now contain the thirty-day hearing provision (former § 5.07(a)) at issue in this case.

On March 13, 1990, the cause was called for a trial on the merits before another judge. Again, claimant urged that the cause should be dismissed because no hearing had been set within the statutory thirty days. The trial court dismissed the cause with prejudice. The parties agree that the order, as well as the findings of fact and conclusions of law, makes clear that the cause was not dismissed for failure to prosecute, or for failure to comply with the first judge's order, but solely on the ground that the court lacked jurisdiction because a hearing had not been set within thirty days of the claimant's filing an answer, as the statute required.

■ Former section 5.07(a) provided in relevant part:

An owner of property, other than a controlled substance or raw material, that has been seized shall file a verified answer within 20 days of the mailing or publication of notice of seizure. If no answer is filed, the court shall hear evidence that the property is subject to forfeiture and may upon motion forfeit the property to the state.... If an answer is filed, *a time for hearing on forfeiture shall be set within 30 days of filing the answer* and notice of the hearing shall be sent to all parties.

(Emphasis added.)

■ The State argues that the trial court erred in dismissing the cause because the statutory provision for setting a hearing is directory rather than mandatory. Failure to follow a mandatory provision renders a proceeding void; failure to observe a directory provision, on the other hand, does not invalidate a proceeding. *Kessler v. Texas Employers' Ins. Ass'n*, 421 S.W.2d 133, 137 (Tex.Civ.App.1967, writ ref'd n.r.e.). The State contends that the statute encourages timely forfeiture hearings, but does not deprive the court of jurisdiction after thirty days. We agree that the trial court's failure to set a hearing neither deprives it of jurisdiction to hear the cause nor deprives the State of its right to assert and prosecute its cause of action. Cases addressing this issue conflict, but the text of the statute and the division of responsibilities between courts and prosecutors argue in favor of a directory construction.

■ In determining whether a particular usage is mandatory or directory, the entire Act should be considered, including the object and nature of the Act, along with the consequences of either interpretation. *Ramirez v. State*, 550 S.W.2d 121, 124 (Tex. Civ.App.1977, no writ).

The text's ambiguities and omissions suggest that the thirty-day provision is directory. The statute's passive voice leaves unstated who is responsible for meeting the thirty day deadline: "a time ... shall be set." The statute does not state who must request the hearing or specify a period of time within which the hearing must be held; it states only that a time for hearing must be set within thirty days. *But see State v. Boren*, 654 S.W.2d 547, 548–49 (Tex.App.1983, no writ) (the hearing must be set *and* held within thirty days). Further, although the thirty-day period starts running after filing of "an answer," the statute does not specify from whose answer the thirty days will be calculated if there are multiple defendants who respond at different times. In a forfeiture proceeding, a verified answer filed after the twenty-day period, but before rendition of a default judgment, has been held to be timely. *See 4 Acres of Real Property v. State*, 740 S.W.2d 494, 497 (Tex.App.1987, no writ). Thus, filing of a late answer could extend the period of delay before the thirty-day period begins to run.

■ All of these factors suggest that the statute is directory. In addition, former § 5.07(a) does not specify a penalty for failure to request or to set a hearing. In particular, the statute does not suggest that the court's jurisdiction depends upon satisfaction of the thirty-day requirement. When a statute creates a cause of action and prescribes the remedy for its enforcement, its provisions are mandatory. *See Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926). An act that reveals no such purpose, however, will be construed as directory. *Thomas v. Groebl*, 147 Tex. 70, 212 S.W.2d 625, 631 (1948).

■ That the statute uses the word "shall" is not dispositive, of course, because that term has frequently been held to be directory, rather than mandatory. *Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex.1976). Particularly if the provision is intended simply to promote prompt and orderly business conduct, the word "shall" is construed not to be mandatory. *Ramirez*, 550 S.W.2d at 124.

Besides the wording of the text, an analysis of the discretionary functions of trial courts and prosecutors suggests that the phrase "shall be set" cannot properly be construed to mean that if the judge fails to set a hearing within thirty days, the court will lose jurisdiction over the action. Courts in Texas traditionally have claimed broad inherent and implied authority. *See* Bruff, *Separation of Powers Under the Texas Constitution*, 68 Texas L.Rev. 1337, 1348 (1990). The Texas Supreme Court has defined the courts' inherent powers broadly as "those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979).

■ Certain judicial functions require that the courts alone determine how those functions are to be exercised. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 240 (Tex.Cr.App.1990). Managing a docket is one of the basic duties of a judge; only a court, not a party or a prosecutor, can set a cause for hearing. Thus, even though a statute may be couched in mandatory terms, when it directs judicial action, a sound rule of statutory construction favors the interpretation of the statute as directory rather than as mandatory to preserve the exercise of the court's judicial discretion. 2A Singer, Sutherland Statutory Construction § 57.16, at 677 (4th ed.1984). Appellee's construction of former § 5.07(a) would require specific trial court action within a short time, and its failure to so act would destroy its jurisdiction over the

cause and deprive the State of its right of action. We hold otherwise.

We agree with the courts of appeals that have construed former § 5.07(a) to be directory and not mandatory. *See State v. One 1988 Nissan Pickup*, 804 S.W.2d 957 (Tex. App.1991, no writ); *State v. 1985 Chevy PU*, 797 S.W.2d 682, 685 (Tex.App.1990, no writ); *Boren*, 654 S.W.2d at 549; *see also McKee v. State*, 318 S.W.2d 113, 116–17 (Tex.Civ.App.1958, writ ref'd n.r.e.) (construing same provision of 1925 Penal Code).

"[T]he State has no control of this setting and is basically at the mercy of the judge and his staff to see the case is timely set." *1985 Chevy PU*, 797 S.W.2d at 685. Because the trial court has discretion to manage its docket, the statute should not be construed to punish the State for a judge's failure to set a hearing. Time limits are likely to be directory when a mandatory construction would injure persons not at fault or would compromise the public interest. *See* 2A Singer, *supra*, § 57.19, at 682.

We decline to follow the cases cited by claimant in support of a mandatory construction. *See, e.g., State v. One (1) 1986 Nissan Auto.*, 792 S.W.2d 577, 579 (Tex. App.1990, no writ); *Lovelace v. Downey*, 783 S.W.2d 824, 826 (Tex.App.1990, no writ). Claimant also relies on a case that has been overruled. *State v. $4,097 in U.S. Currency*, 773 S.W.2d 674 (Tex.App. 1989, writ den.), overruled, *1985 Chevy PU*, 797 S.W.2d 682. Several cases cited by appellee were based on the holding of *$4,097 in U.S. Currency. See Lopez v. State*, 797 S.W.2d 272, 273 (Tex.App.1990, writ den.); *One (1) 1986 Nissan Auto.*, 792 S.W.2d at 578.

Finally, we reject the claimant's argument that unless § 5.07(a) is mandatory, the State could seize property and postpone hearings on the lawfulness of the seizures indefinitely. Even under the claimant's reading of the statute, there is potential for delay. The statute, of course, does not specify a period of time within which the cause must be heard.[2] Presumably the

**2.** The only case holding that a hearing must be      conducted within 30 days also construed the

trial court is free to set the hearing for a date years later, so long as it makes that setting within thirty days, so "[w]hy hold the setting language to be mandatory when the actual hearing date has no limits?" *1985 Chevy PU,* 797 S.W.2d at 684.

In addition, there are alternative ways to guard against indefinite delay, short of the drastic remedy of divesting the trial court of jurisdiction. Although the State may be obligated to seek the setting, the claimant also may request a hearing; the statute does not require the claimant to wait for the State to make a request. Further, the trial court may set the cause for hearing without waiting for a request from any party. In addition, the court eventually may order the forfeiture suit dismissed for want of prosecution if the State unduly delays. *See* Tex.R.Civ.P.Rule 165a (Supp. 1991).

The order of the trial court dismissing the suit is reversed and the cause remanded to the trial court with instructions to reinstate this case consistent with this opinion.

---

statute to be directory and held the claimant had failed to show that he had been harmed by the failure to convene the hearing within 30 days. *State v. Boren,* 654 S.W.2d at 549. We

disagree that the statute directs the hearing to be held in thirty days, because § 5.07(a) only refers to a setting; it does not specify when the hearing must be conducted.