# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00190-CV

**Peter Hellmuth Eggert, Appellant**

**v.**

**State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-11-006749, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Peter Hellmuth Eggert appeals the trial court's summary judgment in favor of the State of Texas in a suit to collect amounts due on two promissory notes for student loans on which Eggert was a guarantor on behalf of his son. *See* Tex. Educ. Code Ann. § 52.39 (West 2012) (authorizing attorney general to sue in Travis County to collect money due on promissory notes obtained to finance college education under student-loan program). In two issues on appeal, Eggert asserts that the summary judgment resulted from a variety of procedural and substantive errors and judicial impropriety. We will affirm.

## DISCUSSION

In his first appellate issue, Eggert contends that he was denied due process because (1) the trial court ruled on the summary-judgment motion without first having ruled on his timely filed motion to transfer venue, (2) there is no court reporter's record of the summary-judgment

hearing, (3) the trial court ruled on the summary-judgment motion even though a discovery request was pending, (4) the evidence was insufficient to support summary judgment, and (5) the setting of the summary-judgment hearing before the setting of a hearing on the motion to transfer venue raises questions of judicial impropriety. We will address each argument in turn.

First, Eggert contends that the trial court erroneously ruled on the State's summary-judgment motion without first having held a hearing and issued a ruling on his timely filed motion to transfer venue from Travis County, Texas to San Antonio, Texas. We hold that Eggert failed to preserve error as to his venue-transfer motion by failing to set it for a hearing and secure a ruling. In the alternative, we hold that the trial court's failure to set a hearing sua sponte and rule on the motion is harmless error in this case.

In his motion to transfer venue, Eggert requested that the court set a hearing on his motion to transfer venue "at least 45 days from the date of filing of this motion," but Eggert does not allege—and the record does not reflect—that he took any other action to set a hearing or secure a ruling on the motion in the three months between filing the motion and the hearing on the motion for summary judgment. In addition, more than one month before the summary-judgment hearing, Eggert objected to the "premature setting" of the summary-judgment hearing based, in part, on the fact that the motion to transfer venue was pending. However, Eggert still made no attempt to set the matter for a hearing or secure a ruling on either his venue-transfer motion or his motion to continue the summary-judgment hearing. As a result, the State contends that Eggert failed to preserve error and waived the venue issue on appeal. We agree.

2

It was Eggert's responsibility to request a hearing, pursue a setting, and obtain a ruling on the motion to transfer venue. *See* Tex. R. Civ. P. 87(1) ("The movant has the duty to request a setting on the motion to transfer [venue]."); Tex. R. App. P. 33.1 (to preserve complaint for appellate review, record must show that trial court expressly or implicitly ruled on the matter); *see also, e.g., Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 84-85 (Tex. App.—Texarkana 2007, pet. denied) ("Corona waived any issue concerning venue by not requesting a hearing or ruling."); *Cliff Jones, Inc. v. Ledbetter*, 896 S.W.2d 417, 418-19 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding venue issue waived because appellant "did not pursue the matter to a clear ruling prior to trial"); *Grozier v. L-B Sprinkler & Plumbing Repair*, 744 S.W.2d 306, 311 (Tex. App.—Fort Worth 1988, writ denied) ("We find the fact that appellant did not reset his motion for hearing after the motion had first been set but not heard or otherwise ruled upon is affirmative evidence that he waived his motion to transfer venue."). Eggert failed to preserve error and waived any issue concerning venue by not requesting a hearing or ruling.

Even if Eggert had preserved error, he could not show reversible error. *See* Tex. R. App. P. 44.1 (setting standard for reversible error). Eggert's motion to transfer venue was premised on a selective quotation of section 52.39 of the Texas Education Code, a mandatory venue provision which the State agrees controls the venue determination in this matter. *See Ramirez v. State*, 550 S.W.2d 121, 124-25 (Tex. Civ. App.—Austin 1977, no writ) (holding that section 52.39 specifies mandatory venue in three locations, one of which is Travis County). Section 52.39 provides:

3

When any person who has received a loan authorized by this chapter has failed or refused to make as many as six monthly payments due in accordance with an executed note, then the full amount of the remaining principal and interest becomes due and payable immediately, and the amount due, the person's name and his last known address, and other necessary information shall be reported by the [Texas Higher Education Coordinating Board or its successors] to the attorney general. *Suit for the remaining sum shall be instituted* by the attorney general, or any county or district attorney acting for him, *in the county of the person's residence, the county in which is located the institution at which the person was last enrolled, or in Travis County*, unless the attorney general finds reasonable justification for delaying suit and so advises the board in writing.

Educ. Code § 52.39 (emphasis added). Eggert's motion to transfer venue only quoted the portion of the statute specifying the county of the defendant's residence or county of the institution as mandatory venue locations. The statute, however, plainly authorizes the State to file suit in Travis County. Because Eggert failed to assert any other basis upon which the trial court could have concluded that venue was not proper in Travis County, he has failed to establish reversible error on appeal. *See* Tex. R. Civ. P. 87(1) (objection to improper venue waived if not asserted prior to or concurrently with any other pleading, except special appearance), 87(3) (requiring venue-transfer motion to specify legal and factual basis why county where suit is pending is improper or existence of mandatory venue provision).

Second, Eggert complains about the absence of a court reporter's record of the summary-judgment hearing. Although Eggert did not attend the hearing and the record does not reflect that he requested a record prior to the hearing, Eggert relies on a procedural requirement that an official court reporter or recorder "attend court sessions and make a full record of the proceedings" "unless excused by agreement of the parties." *See* Tex. R. App. P. 13.1. However, the supreme court has stated that failure to make a record of a summary-judgment proceeding is not error

4

because the creation of a reporter's record is "'a practice neither necessary nor appropriate to the purposes of such a hearing.'" *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 291 n.141 (Tex. 2004) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n.7 (Tex.1993)). At a summary-judgment hearing, a trial court's decision is based solely on written pleadings and evidence, rather than live testimony. Tex. R. Civ. P. 166a(c). Because a reporter's record is not essential to our review of the issues raised in this appeal, either no error is presented or any error in not producing a reporter's record is harmless.[1]

Third, Eggert complains that the trial court erroneously ruled on the State's summary-judgment motion despite the State's failure to respond to his pending discovery request. Nearly one month after the State gave notice of the summary-judgment hearing and approximately one month before the hearing, Eggert served "Defendant's First Request for Production" on the State. Contemporaneously with serving these requests, appellant filed a motion to continue the summary-judgment hearing on the basis that the hearing was "premature," citing the pending venue transfer motion, the possibility of asserting a statute of frauds defense, and the fact that the case was subject to a level 1 discovery control plan. Appellant requested that the summary-judgment hearing be continued until "a time _after_ the expiration of the discovery period," but did not refer to any

---

[1] Eggert cites three cases in which reversible error was found based on the absence of a court reporter's record. *See Smith v. Smith*, 544 S.W.2d 121, 123 (Tex. 1976); *Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Alvarado v. Reif*, 783 S.W.2d 303, 305 (Tex. App.—Eastland 1989, no writ). Those cases, however, involved traditional trials on the merits at which evidence and testimony were admitted and, thus, are procedurally distinguishable from the summary-judgment context.

outstanding discovery requests. Eggert did not set this motion for a hearing or obtain a ruling. Accordingly, Eggert has not preserved error for appellate review. *See* Tex. R. App. P. 33.1.

Even if error had been preserved, the trial court would not have abused its discretion in denying the motion for continuance. Under the rules of civil procedure, a party seeking to recover upon a claim "may, *at any time* after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof." Tex. R. Civ. P. 166a(1) (emphasis added). "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enterprise Prods.*, 925 S.W.2d 640, 647 (Tex. 1996) (citing Tex. R. Civ. P. 166a(g), 251, and 252, governing summary-judgment procedure and continuances). Eggert did neither. In fact, nothing in the motion to continue the summary-judgment hearing alerted the trial court to the pending discovery requests, and the motion only inferentially hinted at the need for additional discovery by referencing the discovery control plan and requesting that the hearing be postponed until after the discovery deadline, which was open-ended at that point.[2] Furthermore, Eggert did not appear at the summary-judgment hearing to obtain a ruling on the motion for continuance or to complain about the State's

---

[2] Under a level 1 discovery control plan, the discovery period closes thirty days before the date set for trial. Tex. R. Civ. P. 190.2(c)(1).

failure to respond to his discovery requests.[3] We conclude that there was no error, or to the extent there was, such error has not been preserved for appellate review.

Fourth, Eggert challenges the merits of the summary judgment, asserting that the State submitted "inaccurate summary judgment evidence and untrue affidavits" in support of its motion. Eggert further contends that there is no proof of a prior demand for payment. To obtain summary judgment on a guaranty agreement, a party must conclusively establish: (1) the existence and ownership of the guaranty contract; (2) the performance of the terms of the contract by the plaintiff; (3) the occurrence of the condition on which liability is based; and (4) the guarantor's failure to perform. *See, e.g.*, *Corona*, 245 S.W.3d at 80. In this case, the third element requires the failure or refusal to make as many as six monthly payments due in accordance with a note on a student loan. *See* Tex. Educ. Code Ann. § 52.39.

In support of its motion for summary judgment, the State submitted an affidavit from Cheryl Bellesen, a student-loan collections manager, attesting to all of the elements of the State's claim and that demand for payment was repeatedly made without success. In addition, the State submitted the guaranty agreement bearing Eggert's name and notarized signature. Eggert did not object to any of the State's summary-judgment evidence. Eggert also did not submit any controverting evidence, although he now claims that he did not sign the guaranty agreement before

---

[3] The State claims it never received the discovery requests because they were sent to the general post office box address for the attorney general but were not addressed to any attorney of record. The certificate of service confirms that the requests were sent to the address provided by the State's counsel of record but were not directed to anyone in particular, including any attorney who had appeared on the State's behalf.

a notary, that his social security number is incorrectly stated on the guaranty agreement, and that no demand for payment has ever been made.

"A summary judgment may be based on uncontroverted testimonial evidence of an expert witness, . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistences, and could have been readily controverted." Tex. R. Civ. P. 166a(c). Eggert does not point to any contradictions or inconsistencies in Bellesen's affidavit, and her testimony could have been controverted by his own affidavit, but was not. Based on the evidence in the summary-judgment record, the trial court properly determined that there was no genuine issue of material fact and that the State was entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c).

Finally, Eggert questions the propriety of the State's and the trial court's actions in setting the hearing on the State's summary-judgment motion while a hearing was not set on his motion to transfer venue. There is no claim that the State failed to provide proper notice of the summary-judgment hearing or the summary-judgment evidence. *See* Tex. R. Civ. P. 166a(c) (establishing time limits for setting summary-judgment hearing and filing summary-judgment evidence). Rather, Eggert suggests, without any evidence or supporting authority, that the State was able to secure a hearing setting only through some unspecified "judicial impropriety" or ex parte communication. This claim is without merit. The Travis County local rules permit either party to set a hearing by contacting the judicial aide for the county court. Travis County (Tex.) Loc. R. 2.3. There is no evidence that the State used any improper means to obtain a hearing setting.

8

Furthermore, there is no suggestion or evidence that Eggert was denied the opportunity to set a hearing in accordance with local rule 2.3.

We conclude that all of the grounds alleged in support of Eggert's first appellate issue are without merit. We further hold that Eggert was not denied due process, but rather that he failed to use procedures available to protect his interests. Accordingly, we overrule his first appellate issue.

In his second appellate issue, Eggert summarily asserts—without elaboration—that

> the procedural events in the case at bar could be a violation of the Texas Code of Judicial Conduct's Canon 1 (Upholding the Integrity and Independence of the Judiciary); Canon 2 (Avoiding Impropriety and the Appearance of Impropriety in All of the Judge's Activities); and Canon 3 (Performing the Duties of Judicial Office Impartially and Diligently).

Eggert does not explain or support this contention. Accordingly, we consider the issue inadequately briefed and decline to consider it. *See* Tex. R. App. P. 38.1(h). It is well settled that "a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). When, as here, an issue on appeal is inadequately briefed, "we cannot speculate as to the substance of the specific issues appellant claims we must address." *Id.* at 678.

Alternatively, to the extent appellate issue two is based on the allegations of substantive and procedural error addressed in Eggert's first appellate issue, we have found no reversible error in the trial court's actions complained of in the first issue. Accordingly, even if those actions "could be a violation" of the cited provisions of the Code of Judicial Conduct, the allegations of error provide no basis for reversing the trial court's judgment. To the extent Eggert complains

9

about the trial court's failure to affirmatively rule on his motion for new trial (which is mentioned only briefly in the summary of the argument), we observe that there is no evidence that Eggert was denied a requested hearing on his motion for new trial. Furthermore, the rules of civil procedure do not require a trial court to affirmatively rule on a motion for new trial. *See* Tex. R. Civ. P. 329b(c) (motion for new trial not determined by written order signed within seventy-five days after judgment was signed "shall be considered overruled by operation of law on expiration of that period"). Because we find no merit in any of these issues, we overrule Eggert's second appellate issue.

## CONCLUSION

Having overruled Eggert's appellate issues, we affirm the trial court's judgment.

_____
J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   April 24, 2013

10