The STATE of Texas, Appellant,

v.

James W. CHERRY et al. (1963 Pontiac
Automobile), Appellees.

No. 16493.

Court of Civil Appeals of Texas.

Dallas.

Jan. 8, 1965.

Rehearing Denied Feb. 19, 1965.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellant.

June R. Welch, Dallas, for appellees.

BATEMAN, Justice.

This is a suit by the State of Texas for forfeiture of a 1963 Pontiac automobile alleged to have been used in the transportation, concealment and possession of contraband narcotics. The suit was pursuant to Art. 725d, Vernon's Ann.Penal Code. The car was seized on July 3, 1963 while in the possession of James W. Cherry. On September 4, 1963 the State filed its petition entitled "Notice of Seizure and Intended Forfeiture," alleging Cherry to be the record owner.

At the time of the seizure the automobile bore Georgia license plates. It was seen by two Dallas city policemen at about 4:00 o'clock in the morning being operated at a high rate of speed. When they overtook the car a preliminary search for weapons revealed a bottle of pills on Cherry's person, which led to further search and the discovery of narcotics in the car. The Dallas police then undertook to ascertain from the appropriate department of the State of Georgia who the licensed owner of the automobile was. Correspondence between Dallas and Atlanta, Georgia began shortly after July 3, 1963 and apparently ended with receipt by an Assistant District Attorney of Dallas County of a letter dated August 19, 1963, from the Department of Revenue, Motor Vehicle Unit, State of Georgia, which revealed that, although license plates for the car in question had been issued to James W. Cherry, no certificate of title had been issued to him because his application was not accompanied by a Manufacturer's Statement of Origin. Georgia notified the Assistant District Attorney by letter dated August 15, 1963 that Cherry's application did not show the name of any lien holder.

Although not named as a party, Edytha Pollock Cherry filed an answer in which

she denied under oath that the automobile was used in violation of Articles 725b, 726d and 725d of the Penal Code of Texas. Her testimony established without dispute that she was the owner of the car, having purchased it prior to her marriage to James W. Cherry. She resided in Alabama and knew nothing of Cherry's efforts to register the car in his own name in Georgia. The purchase price of the car was fully paid.

L. C. Johnson intervened in the suit claiming a valid lien on the car given him by Edytha P. Cherry. His undisputed testimony showed that after the seizure of the automobile and arrest of Cherry on July 3, 1963 he had become surety on several bail bonds for Cherry and that to secure himself against loss thereon he had obtained from Mrs. Cherry a bill of sale to the automobile dated July 26, 1963. In addition to this bill of sale, Johnson introduced in evidence an instrument also dated July 26, 1963, consisting of a promissory note signed by James W. Cherry payable to Johnson in the sum of $3,500 and a chattel mortgage on the automobile. He also testified that when he first became interested in the matter the automobile was in possession of the Dallas Police Department, that he discussed the matter with Mr. John Orvis, Assistant District Attorney of Dallas County, telling him that he was contemplating taking the automobile as security on the bonds, and that Orvis told him that he had had no notification that any forfeiture was to take place and that he felt that if there was going to be a forfeiture it would already have been filed because Cherry had then been in jail about a month; that Orvis told him that forfeitures had to be filed immediately and, since it had been almost thirty days since the seizure, he didn't see how they would file a forfeiture on it, and that he "didn't have time to fool with those things until they were actually presented" to him.

John Orvis, Assistant District Attorney of Dallas County, testified that he told Johnson and his attorney that he did not have the case and did not know if it would be turned over to the Federal authorities or if it would be referred to his office; that his office had not accepted it and that he had no power whatsoever to release the automobile; that he did not tell Johnson that no forfeiture proceedings would be filed; that he had no discretion at that time either to accept the case or release it. Orvis also testified that this matter was referred to his office about the middle of August 1963, which was during vacation time, that pleadings were drawn and sent back to the Dallas Police Department for the signature and oath of the seizing officer, and were returned to his office "around about Labor Day, 1963."

The jury found in response to special issues: (1) through (6) that immediately before its seizure the automobile in question was being used to transport, conceal and possess certain narcotic drugs; (7) that they did not find that James Walter Cherry was the owner of the automobile on July 3, 1963, but (8) that Edytha Pollock Cherry was; (9) that there was no lien on the automobile on July 3, 1963; (10) that after seizure of the automobile John Orvis did not represent to L. C. Johnson that the State of Texas would not institute proceedings to forfeit such automobile; (14) that S. O. Sorsby (the seizing officer) failed to file a notice of seizure of the automobile in question immediately with the Clerk of the District Court of Dallas County; (15) that L. C. Johnson accepted the automobile in question as security for bail bonds made by Cherry in reliance upon the failure of the State of Texas to file notice of forfeiture immediately after the seizure of the automobile; (16) that the State did not waive its right to forfeit the automobile in question; and (17) that $1,855 was still owing and unpaid by Cherry and wife for the making of bail bonds by L. C. Johnson. Appellant moved for judgment on the verdict, which motion was overruled, and the court rendered judgment that appellant take nothing by its suit, that the forfeiture be denied and that appellant deliver the automobile to Edytha Pollock Cherry, owner, or to L. C. Johnson.

The appellant contends under four points of error that the undisputed facts, together with the jury findings in response to Special Issues 1 through 6, clearly establish the right of appellant under the provisions of Art. 725d, V.A.P.C., to the forfeiture, despite the other findings. The appellees contend, on the other hand, that appellant did not fully comply with the requirements of Art. 725d, in that (1) it did not ascertain and notify the owner and lien holder, as required by Subsections (c) and (d) of Section 4 of the Act, and (2) the forfeiture notice was not filed "immediately", as provided in the first sentence of Section 4 of the Act, arguing that the provisions of a forfeiture statute must be strictly construed and that under such strict construction the State must be held to have lost its right of forfeiture.

This statute was carefully analyzed by our Supreme Court in State v. Richards, 157 Tex. 166, 301 S.W.2d 597. As pointed out therein, the language of the first clause of Section 2 is sufficiently broad and comprehensive to require the forfeiture of the property rights of all persons interested in a vehicle used in the transportation of contraband drugs, regardless of their complicity or innocence of any wrongdoing; and that provision is then made for the protection of innocent common carriers, bona fide lien holders and owners whose vehicles are unlawfully taken from them by the wrongdoer. It was held in that case that an automobile loaned by an innocent owner to one who used it unlawfully in this respect was subject to forfeiture, and that the statute does not contravene due process.

■ As we view the record before us, the appellant proved all elements of its case entitling it to a forfeiture of the automobile. The owner, Edytha Pollock Cherry, did not and does not contend that the automobile had been unlawfully taken from her possession. Therefore, her rights were lost to her by reason of her husband's use of her automobile for the transportation of the narcotics. State v. Richards, supra.

■ Johnson is in no better position to claim that the forfeiture proceedings were invalid as to him. At the time of the seizure he had no interest whatever in the automobile. His lien was created after the seizure, while the automobile was in possession of the Dallas Police Department, and with knowledge on the part of Johnson that it had been seized and was subject to forfeiture because of the narcotics found therein. Appellees' claim that the State lost its right of forfeiture by failing to ascertain the names of the owner and lien holder and make them parties to the suit, is without merit. They evidently had actual notice and made themselves parties to the suit and participated in the trial.

■ Appellees' second contention is that the right to forfeiture was eliminated by the jury findings (14) that the seizing officer did not file the notice of seizure and intended forfeiture immediately, and (15) that Johnson relied on such failure in taking his lien. This gives us somewhat greater concern. We need not decide whether Special Issue 14 erroneously propounded to the jury a question of law rather than one of fact because our conclusion would coincide with that of the jury—we would hold as a matter of law, under the undisputed facts, that the notice was not filed "immediately".

Even so, however, we do not think this destroyed the State's right to forfeit the automobile, for we regard the provision in Section 4 for filing "immediately" as directory and not mandatory. Section 5 of the same Act also contains a restriction as to time in that it provides that the hearing on forfeiture shall be held within thirty days of the date of filing answer, but it was held in McKee v. State, Tex.Civ.App., 318 S.W.2d 113, wr. ref. n. r. e., that this provision was merely directory and not mandatory. We agree with this decision and, so far as we can ascertain, no Texas court has held to the contrary. The same reasoning and the same authorities cited in that case would be applicable to a construction of Section 4 of the same Act. Both sections of the statute use the word "shall" but

this does not automatically or necessarily render either provision mandatory. A consideration of the entire Act and the purposes sought to be achieved thereby will not permit us to hold that the legislature intended the provision in question to be mandatory, especially in the absence of words indicating a legislative intent to do more than provide for "the proper, orderly and prompt conduct of business." Chisholm v. Bewley Mills, 155 Tex. 400, 287 S.W.2d 943, 945.

■ However, if we be mistaken in so holding, we nevertheless are of the opinion that the appellees acquired no rights by the failure of the officers to comply with the statutory requirement in question. This provision of the statute is obviously for the benefit of innocent owners, whose vehicles have been unlawfully taken from them and then used in the illegal drug traffic, and innocent lien holders who have valid liens in existence at the time of the illegal use of the vehicle, and not for the benefit of persons situated as are the appellees here. Therefore, jury findings in response to Special Issues 14 and 15 are immaterial in determining appellees' rights.

■ The right of the State to forfeit a vehicle used in this vicious illegal traffic comes into existence instanter upon the commission of the proscribed act, and it remains only for the State to perfect its title by seizing the vehicle and obtaining the decree of forfeiture. 7 Fifths of Old Grand-Dad Whiskey v. United States, 10 Cir., 158 F.2d 34, cert. den. 330 U.S. 828, 67 S.Ct. 870, 91 L.Ed. 1277. The law specifies those innocent persons whose rights may transcend that of the State; and appellees simply failed to carry the burden of showing their inclusion within that favored group. Appellant's four points of error are sustained.

Appellees' brief contains six cross points whereunder they contend that they were entitled to judgment as a matter of law regardless of the jury findings because: (1) appellant failed to prove the search and notice required by Art. 725d prior to proceeding with the trial; (2) the notice was not filed "immediately"; (3) the evidence pertaining to "narcotics violations" resulted from "illegal searches and seizures" and (4) was inadmissible because the officers failed to give Cherry a receipt for the narcotics and failed to file an inventory thereof with a magistrate; (5) if appellant were entitled to forfeiture, Johnson would be entitled to the automobile or to recover the proceeds of its sale to the extent of his lien; and (6) appellant either waived its right to forfeit the car by waiting 63 days to file the action or, in the alternative, was estopped to deny Johnson's lien.

These cross points are overruled for the following reasons:

1. The requirements of Subsections (c) and (d) of Section 4 of the Act were complied with to the extent that it was possible to do so. In any event, the record does not reflect that the judge or either appellee objected to going to trial, from which circumstance we deduce that the appellees as well as the judge must have been "satisfied" that those provisions had been complied with. Moreover, both appellees had actual notice and participated in the trial.

2. Our views on the right of appellees under the circumstances to raise the question of delay in the filing of the notice are expressed above and apply here.

■ 3. Cherry was arrested for speeding after a chase at 100 miles per hour in a zone where the speed limit was 35 miles per hour. This gave the officers the right without a warrant to search the automobile he was driving. Brown v. State, 159 Tex.Cr.R. 306, 263 S.W.2d 261; Soileau v. State, 156 Tex.Cr.R. 544, 244 S.W.2d 224; Richardson v. State, 163 Tex.Cr.R. 585, 294 S.W.2d 844. "The arrest being lawful, the search of the car was also lawful." Minor v. State, Tex. Cr.App., 219 S.W.2d 467, 470.

■■ 4. The provisions of Sec. 15, of Art. 725b, V.A.P.C., for the giving to the person from whom narcotics are taken a receipt therefor and filing a sworn inventory thereof with a magistrate are directory and not mandatory. The evidence was admissible. Jones v. State, 169 Tex.Cr.R. 175, 332 S.W.2d 560; McKee v. State, Tex.Civ. App., 318 S.W.2d 113, wr. ref. n. r. e.

■■ 5. Having already held that Johnson's lien rights were inferior to the right of the State to forfeit the automobile, we hold that to allow him to recover his debt out of the proceeds of the sale, under the circumstances disclosed by this record, would defeat the salutary purposes of the statute authorizing the forfeiture.

■■ 6. The jury found against the claim of waiver in response to Special Issue 16, and it is not contended that this finding lacks support in the evidence. As to estoppel, based on Johnson's claim that the Assistant District Attorney led him to believe no forfeiture action would be filed, we hold: (a) the State cannot be estopped from enforcing its criminal laws by anything said by an assistant district attorney in private conversation; and (b) the jury's failure to find that Orvis represented to Johnson that the State would not institute forfeiture proceedings, supported by competent evidence, destroys the only basis claimed for the plea of estoppel.

Since we hold the findings in response to Special Issues 14 and 15 to be insufficient to support the judgment, and that the trial court should have granted appellant's motion for judgment, we reverse the judgment and here render judgment of forfeiture in favor of appellant pursuant to applicable provisions of Art. 725d, V.A.P.C., with the proceeds of sale, after deduction of all storage and court costs, to be deposited in the General Revenue Fund. State v. Meyers, Tex.Civ.App., 328 S.W.2d 321, wr. ref. n. r. e.

*Reversed and rendered.*