The STATE of Texas, Appellant,

v.

Francisco ALMANZA (One 1970 Pontiac, 2-Dr. Hardtop Automobile, bearing Motor No. 233370Z601880, bearing 1971 License No. JTC–521), Appellee.

No. 670.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1971.

Oscar B. McInnis, Cr. Dist. Atty., Tom Berry, Asst. Cr. Dist. Atty., Edinburg, for appellant.

Pena, McDonald & Gutierrez, Roman Gutierrez, Edinburg, for appellee.

## OPINION

SHARPE, Justice.

This suit was instituted by the State of Texas pursuant to the provisions of Art. 725d, Vernon's Ann. Texas Penal Code, for forfeiture of a 1970 Pontiac automobile alleged to have been used to conceal, convey, carry and transport a narcotic drug, heroin, contrary to said statute. On April 20, 1971 the State filed its petition entitled "Notice of Seizure and Intended Forfeiture," alleging Francisco Almanza to be the registered and legal owner of the said vehicle and the person in possession of it at the time it was seized. The date of seizure was alleged to be on or about March 3, 1971, but the evidence show that the transaction on which the alleged right of forfeiture was based occurred on March 6, 1971.

Francisco Almanza timely filed a verified answer setting out that he was the owner of the automobile involved and expressly denied that it was used to conceal, convey, carry and transport goods on or about the 3rd day of March, 1971; and prayed that plaintiff take nothing by its suit. Francisco Almanza will be referred to as appellee.

After a non-jury trial the lower court rendered judgment in substance that the

notice of seizure and intended forfeiture should be set aside and that the State's petition to forfeit the 1970 Pontiac automobile be denied. The State of Texas has appealed from the judgment. The trial court expressly found that the State failed to prove that the automobile belonging to Frank Almanza had been unlawfully used to conceal, carry, convey and transport the narcotic drug, heroin; and concluded that the automobile was not subject to seizure and forfeiture under Article 725d, Texas Penal Code.

Before discussing the case on the merits we will consider the motion of Francisco Almanza, appellee, to dismiss this appeal. The motion to dismiss and the brief in support thereof basically present the following contentions. 1) That appellate jurisdiction in this type of case is in the Court of Criminal Appeals, not the Court of Civil Appeals, and 2) that the State of Texas does not have a right of appeal in an action of this nature. We overrule the motion to dismiss.

In McKee v. State, 318 S.W.2d 113 (Tex. Civ.App., Amarillo, 1958, wr.ref.n. r. e.) wherein forfeiture of an automobile was sustained under Art. 725d, V.A.P.C., the court held in part as follows:

"In a discussion of forfeitures the text writer in 37 C.J.S. Forfeitures § 5e, p. 15 under Character of Procedure says, 'The character of the procedure for the enforcement of a forfeiture depends on the statute under which the forfeiture is sought to be enforced. Forfeiture proceedings may be either civil or criminal in nature, and may be in rem or in personam. If they are under a statute such that if an indictment is presented the forfeiture can be included in the criminal case they are criminal in nature, although they may be civil in form; and where it must be gathered from the statute that the action is meant to be criminal in its nature it cannot be considered as civil. *If, however, the proceeding does not involve the conviction of the wrongdoer for the offense charged the proceeding is of a civil nature.'* (Emphasis added.) Therefore, it follows that this is a civil statutory in rem forfeiture, even though we are dealing with a criminal statute."

In State v. Meyers, 328 S.W.2d 321 (Tex. Civ.App., Dallas, 1959, wr.ref.n. r. e.) wherein the Court of Civil Appeals reversed the judgment of the trial court denying forfeiture and rendered judgment of forfeiture in favor of the State, the appellate court held in part as follows:

"Our Supreme Court has held, construing above Penal Statutes, in State v. Richards, 157 Tex. 166, 301 S.W.2d 597, that forfeiture of property of even innocent owners is a method deemed necessary by the Legislature in restraint of the prohibited transactions and in aid of their prevention. In 37 C.J.S. Forfeitures §§ 1 through 5, pp. 5–19 are found cases from other jurisdictions construing laws similar to Art. 725d, and 726c, Penal Code from which the following general rules derive, applicable here: (1) that such statutory proceeding for forfeiture is one in rem, not against the owner but against the property itself; (2) the suit does not involve conviction of the owner or operator of the vehicle seized and is therefore a proceeding of a civil nature; and (3) the question to be determined by court or jury being 'was the act condemned by the Statute committed.' "

Article 725d, V.A.P.C., has been carefully analyzed by our Supreme Court in the case of State v. Richards, 157 Tex. 166, 301 S.W.2d 597 (1957). That case presented questions of construction and constitutionality on certificate from the Court of Civil Appeals at Ft. Worth. After the above cited decision, the Court of Civil Appeals conformed its holdings and judgment thereto. See 303 S.W.2d 393. See also State v. Cherry, 387 S.W.2d 149 (Tex. Civ.App., Dallas, 1965, wr.ref.n. r. e.).

■ Under Article 725d, V.A.P.C., and the cases construing it, a forfeiture pro-

ceeding such as the one here in question is a civil action. The Courts of Civil Appeals have appellate jurisdiction of such proceedings and the State may appeal as in other civil cases. Appellee's contentions contained in the motion to dismiss are overruled.

We now consider appellant's single point of error reading as follows:

"The Trial Court erred in its Finding of Fact that the State failed to prove that the Defendant's automobile was unlawfully used to conceal, convey, carry and transport the narcotic drug, Heroin in that the evidence showed conclusively and beyond a reasonable doubt that the Defendant did, in fact, use his automobile in the aforesaid manner."

Two witnesses testified on the trial of the case, both called by appellant. These were Mr. Wayne Wilkins, a Narcotic Agent-Investigator with the Texas Department of Public Safety, and Mr. Wayne Merritt, a chemist with the Texas Department of Public Safety.

The material testimony of Mr. Wayne Wilkins was in substance as follows. On March 6, 1971 Mr. Wilkins was working as an "undercover agent" in Hidalgo County, Texas. He had gone to the Flame Lounge near Mission, Texas, where he was joined by Juan Fortunado Escobedo, an addict and seller of narcotics. Afterwards Frank Almanza came on the scene and engaged in a conversation with Escobedo and the bartender out of the hearing of Wilkins. The conversation lasted about fifty-six minutes. Almanza then went out the back door and got into a blue 1970 Pontiac automobile. Escobedo then advised Wilkins that they were to meet Almanza in downtown Mission, approximately three miles distant, in about fifteen minutes. Wilkins and Escobedo then drove to a Mobil Service Station at 201 East 10th Street in Mission, which is owned by Almanza and located across the street from the Post Office in Mission, Texas. Wilkins parked his car on the west side of the station driveway and waited for Almanza to arrive. Wilkins said his object in going

there was to purchase one gram of heroin. Several minutes later Almanza arrived in the blue 1970 Pontiac car and parked it on the southwest corner of the driveway to the Mobil Service Station. Wilkins said that he was in position to observe Almanza. Almanza walked to the door of the service station and said something to four employees who were inside of it and they then went outside. Wilkins had given Escobedo twenty-five dollars for one gram of heroin. Escobedo said that Almanza was "Poncho" and that Escobedo would have to go get the stuff. Escobedo walked up to Almanza inside the service station. At that time Wilkins was in his parked car and estimated he was 30 to 40 feet or possibly more west of the front door of the service station. Wilkins said that Escobedo handed Almanza some money and Almanza reached in his pocket and handed something back to Escobedo. Escobedo then returned to Wilkins' automobile and they left the scene. After starting to drive off Escobedo handed Wilkins the object which Almanza had given to Escobedo. Wilkins said that after Almanza went inside the service station he did not touch or pick up anything there. The object Escobedo delivered to Wilkins appeared to be a small silver package which turned out to be aluminum foil. It was approximately one-quarter inch wide, two inches long and one-sixteenth of an inch thick. Wilkins later field checked the contents of the package and said it contained approximately one gram of a whitish gray powder substance which checked positive for containing an opium derivative. Wilkins then placed the package in another envelope and sent it to the Texas Department of Public Safety Laboratory at Austin, Texas for examination and analysis. Mr. Wayne Merritt, the chemist for the Texas Department of Public Safety at Austin, later testified that the package contained .28 of a gram net weight of powder and 31.8 percent of it was actually heroin. Wilkins also testified that Escobedo did not know Wilkins was a narcotic agent and that Escobedo had been indicted for selling the same heroin to Wilkins. Escobedo had also been involved in other cases with Wilkins. Wilkins conceded that he

did not see any narcotics or contraband being carried in the 1970 Pontiac automobile and he had no dealings with Almanza.

Wilkins was *rigorously cross-examined* by counsel for appellee. Wilkins drew a diagram on a blackboard of the area around the service station in connection with his testimony, a photograph of which appears in the record. There was at least a fact issue as to whether Wilkins could observe everything that occurred between Almanza and Escobedo inside the filling station.

 It is apparent that appellant did not offer any direct evidence that the vehicle sought to be forfeited had been used to conceal, convey, carry and transport the heroin in question. Under Art. 725d, V.A.P.C. (although the forfeiture proceedings are civil in nature) the burden of proof is on the State to prove its case beyond a reasonable doubt. See McKee v. State, supra.

The trial judge, as the fact-finder, was entitled to believe and hold that the circumstantial evidence relied on by the State was not sufficient to connect the car sought to be forfeited with the heroin in question.

The judgment denying forfeiture is affirmed.