The STATE of Texas, Appellant,

v.

THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) LAWFUL CURRENCY OF the UNITED STATES of America, Appellee.

No. 04–83–00606–CV.

Court of Appeals of Texas,
San Antonio.

March 29, 1985.

Edward Sargalogos, District Attorney's Office, San Antonio, for appellant.

Charles T. Conaway, San Antonio, for appellee.

Before BUTTS, CANTU and TIJERINA, JJ.

## OPINION

CANTU, Justice.

This is an appeal from a forfeiture proceeding under TEX.REV.CIV.STAT.ANN. art. 4476–15 (Vernon 1976), commonly known as the Texas Controlled Substances Act. The trial court granted appellee's Motion for Summary Judgment and the State has appealed.

On July 13, 1983, the State through the office of the Bexar County District Attorney filed its Notice of Seizure and Intended Forfeiture of Three Thousand Five Hundred Dollars ($3,500.00) directed to Gary Tyree, Claimant. The notice alleged that on June 7, 1983, the money hereinabove described was seized pursuant to Section 5.03(a)(6) of Article 4476–15 and that it was believed that the money was derived from the sale, manufacture, distribution, dispensation, delivery or other undertaking viola-

tive of the Texas Controlled Substances Act.

It was further alleged in the notice that the money when seized was in the actual care, custody and control or management of Tyree at the time it was seized by law enforcement officers executing a search warrant at Tyree's residence. The notice prayed for forfeiture of the seized money to the State of Texas.

On July 29, 1983, Tyree, as claimant, filed his verified answer claiming ownership of the seized money and denying that the money was derived from an undertaking violative of the Controlled Substances Act.

On October 7, 1983, Tyree filed his Motion for Summary Judgment supported by affidavit alleging that the State was barred from seeking forfeiture under the limitations period embodied in Section 5.05(a) of Article 4476–15.

Section 5.05(a) provides:

When any property, other than a controlled substance or raw material, is seized, proceedings under this section shall be instituted within 30 days after seizure and not thereafter.

It is Tyree's position that the Notice of Seizure and Intended Forfeiture was not filed until more than thirty days had elapsed from the day of seizure.

The State, by sworn instrument, opposed the Motion for Summary Judgment alleging that immediately following the seizure of the money on June 7, 1983, numerous investigatory procedures were commenced leading up to the filing of the Notice of Seizure and Intended Forfeiture. It is these procedures that the State equates to the "proceedings" alluded to in Section 5.05(a). Thus, the State argues that it did commence "proceedings" within 30 days of the seizure so as to preclude summary judgment.

We reject the State's contention that "proceedings" under Section 5.05(a) encompass procedures other than the instituting of a forfeiture action by way of filing the notice of seizure and intended forfeiture as a civil suit.

A reading of Section 5.05 clearly reveals that the phrase "proceedings under this section" addresses the institution of an adjudicative action.

Section 5.05(b) mandates the immediate filing of the notice with the district clerk of the county in which the seizure was made. It further provides for the issuance of citation as in other civil cases. *See also* Section 5.05 subsections (j) and (k).[1]

The State alleges in its brief that a disputed material fact issue exists which precludes summary judgment. None has been brought to our attention and we fail to perceive any. The only argument advanced addresses itself to a construction of the word "proceeding." Such a contention raises a pure question of law. *Freels v. Walker,* 120 Tex. 291, 26 S.W.2d 627 (Tex. Comm'n App.1930, opinion adopted); *Associated Indemnity Corp. v. Oil Well Drilling Co.,* 258 S.W.2d 523 (Tex.Civ.App.— Dallas 1953), *aff'd,* 153 Tex. 153, 264 S.W.2d 697 (1954).

The trial court did not err in granting summary judgment. The judgment is affirmed.

**1.** (j) If no person was in possession of the property subject to forfeiture at the time that it was seized and if the owner of the property is unknown the officer in charge of initiating the proceeding shall file with the clerk of the court in which the proceeding is pending an affidavit to such effect, whereupon the clerk of the court shall issue a citation for service by publication addressed to "the unknown owner of . . ., filling in the blank space with a reasonably detailed description of the property subject to forfeiture." The citation shall contain the other requisites prescribed in Rules 114 and 115 and shall be served as provided by Rule 116 of the Texas Rules of Civil Procedure.

(k) No proceeding instituted pursuant to the provisions of this subchapter shall proceed to hearing unless the judge conducting the hearing is satisfied that this section has been complied with, and the officer initiating the proceeding shall introduce into evidence at the hearing any answer received from an inquiry required by Subsections (c) through (g) of this section.