**ONE 1977 OLDSMOBILE VIN
# 3M57R7R108795 et al.,
Petitioner,**

v.

**The STATE of Texas, Respondent.**

**No. C–4991.**

Supreme Court of Texas.

Sept. 10, 1986.

Richard Alley and Travis Alley, Alley & Alley, Fort Worth, for petitioner.

Tim Curry and C. Chris Marshall, Criminal D.A., Fort Worth, for respondent.

PER CURIAM.

This is an appeal from an automobile forfeiture. The issue is whether the court of appeals properly reversed the trial court's judgment denying forfeiture under the Texas Controlled Substances Act.

The trial court received a stipulation that the amount of marihuana and amphetamine involved was a misdemeanor amount. The Tarrant County District Attorney's office sought forfeiture of a brown leather bag, the marihuana, the amphetamine, and title to the 1977 Oldsmobile as being used in violation of the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.03. The trial court rendered judgment allowing forfeiture of the leather bag, marihuana, amphetamine, but not the 1977 Oldsmobile. The court of appeals reversed the trial court's judgment and rendered judgment to include forfeiture of the vehicle. 700 S.W.2d 33.

This court recently construed section 5.03 as it existed at the time of this offense

in *One 1980 Pontiac, VIN #2D19SAP21357 et al., v. State of Texas,* 707 S.W.2d 881 (Tex.1986). In *One 1980 Pontiac* we held that "the legislature intended the forfeiture provisions to be used only when an aggravated offense is committed and when the offense is one involving some aspect of a drug transaction." *ONE 1980 Pontiac* at 883.

We grant writ of error and pursuant to TEX.R.APP.P. 133(b) without hearing oral argument, we reverse the judgment of the court of appeals and affirm the trial court's judgment.