**The STATE of Texas, Appellant,**

**v.**

**Sandra and Ernesto GARZA, Appellees.**

**No. 13–88–230–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 20, 1988.

Rehearing Denied Nov. 23, 1988.

Bradford M. Condit, Asst. County Atty., Corpus Christi, for appellant.

Deniz Tor, Tinker & Tor, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

OPINION

KENNEDY, Justice.

This is an appeal from a forfeiture proceeding initiated by the State of Texas under the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15, §§ 5.03, 5.05 (Vernon Supp.1988), against Sandra and Ernesto Garza, appellees, for the forfeiture of the 1986 Trans Am automobile which was allegedly seized in connection with appellees' transportation of illegal drugs. Appellees moved for, and the trial court granted a summary judgment in their favor on the ground that the forfeiture proceedings were not instituted within thirty days after the property was seized. We affirm.

■ Section 5.05(a) provides:

When a property, other than a controlled substance or raw material, is seized, proceedings under this section shall be instituted within 30 days after seizure and not thereafter.

Failure to institute proceedings within the thirty day limitations period bars the State's forfeiture action. *See State v. Three Thousand Five Hundred Dollars (3,500.00) Lawful Currency of the United States of America,* 693 S.W.2d 574 (Tex. App.—San Antonio 1985, no writ).

In the present case, the summary judgment evidence is undisputed that the Trans Am was originally seized on September 22, 1986, near Falfurrias, Texas, by United States Drug Enforcement Agency officers, when marihuana was discovered in the car and appellee Ernesto Garza was arrested. The State claims in its petition for forfei-

ture, filed March 8, 1988, that the Nueces County Sheriff's Department agents did not receive custody of the Trans Am until February 23, 1988, and that this is the date on which the property was "seized" for purposes of forfeiture to the State of Texas.

 The question presented on this appeal is when property is "seized" for purposes of the limitations period in section 5.05(a). The State of Texas argues that it did not "seize" the Trans Am until officers under its jurisdiction received custody of the car from the Drug Enforcement Agency. Appellees argue that seizure occurs when the first law enforcement agency involved takes custody, whether or not that agency is under the jurisdiction of the State of Texas.

Black's Law Dictionary 1219 (5th ed. 1979) defines "seizure" as, "[t]he act of taking possession of property, *e.g.*, for a violation of law or by virtue of an execution. Term implies a taking or removal of something from the possession, actual or constructive, of another person or persons." Appellees' car had been "seized" when officers of the United States first took custody of the property away from them. The later act of transfer between State and Federal governments, moreover, cannot properly by called a "seizure," because this transfer between sovereigns lacks the coercive and punitive elements commonly associated with a seizure; it is not made "for a violation of law or by virtue of an execution."

Had the legislature intended "seizure" in section 5.05(a) to mean the taking into custody of property by the State of Texas, it could have qualified the terms of the statute by explicitly indicating that the limitations period was to run from the time officers of the State received custody of the property. Absent such a qualification, we hold that the Trans Am was seized for purposes of forfeiture on September 22, 1986, and that the trial court was correct in granting summary judgment for appellees on the ground that the limitations period in section 5.05(a) had run.

The judgment of the trial court is affirmed.