**STATE of Texas Appellant,**

v.

**$4097 IN U.S. CURRENCY and 1980 GMC P/U VIN TCZ14AS507291 Appellees.**

No. 2-88-213-CV.

Court of Appeals of Texas, Fort Worth.

June 1, 1989.

Rehearing Denied Aug. 10, 1989.

Tim Curry, Crim. Dist. Atty., and Betty Stanton, Asst. Crim. Dist. Atty., Fort Worth, for appellant.

Jack W. Beech and Brett D. Boone, Fort Worth, for appellees.

Before HILL, LATTIMORE and MEYERS, JJ.

OPINION

MEYERS, Justice.

The question is whether the language in the Controlled Substance Act which provides a hearing on a forfeiture case shall be set within thirty days of the filing of an answer is directory or mandatory. Be-

cause we find the word "shall" is mandatory, we affirm the dismissal of the forfeiture proceeding for failure to set a hearing within the prescribed time limit.

The State of Texas seized $4097 and a 1980 GMC pickup during the drug-related arrest of Johnny A. Williams. The State filed notice of the seizure and intended forfeiture of these items in accordance with TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.07(a) (Vernon Supp.1989) on February 11, 1988. Williams filed an original answer on March 2, 1988, generally denying the State's allegations, claiming the property as his, and swearing the property was not derived as the result of any drug-related activity. On May 17, 1988, Williams filed a motion to dismiss for failure to set a hearing within thirty days of his answer. On July 20, 1988, a hearing was held on the motion to dismiss at which the court found no hearing had been set within thirty days and Williams had been harmed as a result. The court therefore dismissed the cause pursuant to section 5.07(a).

The portion of the Controlled Substance Act at issue provides:

> An owner of property, other than a controlled substance or raw material, that has been seized shall file a verified answer within 20 days of the mailing or publication of notice of seizure. If no answer is filed, the court shall hear evidence that the property is subject to forfeiture and may upon motion forfeit the property to the state or an agency of the state or to a political subdivision of the state authorized by law to employ peace officers. If an answer is filed, *a time for hearing on forfeiture shall be set within 30 days of filing the answer* and notice of the hearing shall be sent to all parties. At a forfeiture hearing under this section, the state may be represented by the county or district attorney in the county in which the hearing is held, or, at the request of the county or district attorney, by the attorney general.

TEX.REV.CIV.STAT.ANN. art. 4476–15 sec. 5.07(a) (emphasis added).

The clear and unambiguous language of the statute requires a hearing "be set within 30 days of filing the answer...." The State argues the language of the statute is directory, not mandatory. The State further contends the claimant must show harm when a hearing is not set within the thirty-day time period.

The State's position has some support in the law. In *State v. Boren*, 654 S.W.2d 547 (Tex.App.—Waco 1983, no writ), the Tenth District Court of Appeals held the language of the statute was indeed directory, not mandatory. *Id.* at 549. However, the *Boren* court found the statute directed a hearing be *held* within thirty days, not merely set. *Id.* According to the *Boren* court, if a forfeiture case is neither set nor heard within thirty days, a claimant is entitled to dismissal only if he can show harm due to the failure to set the case. *Id.*

The only other court to consider this issue held the statute mandates a hearing be set within the designated thirty-day period. *Clark v. State*, 693 S.W.2d 23 (Tex. App.—Beaumont 1985, no writ). We, too, read the forfeiture statute to require a hearing be set within thirty days. Although the word "shall" has often been construed to be directory, *Ramirez v. State*, 550 S.W.2d 121, 124 (Tex.Civ.App.— Austin 1977, no writ) and cases cited therein, it should only be so construed when the obvious intent of the statute in which it is used is to promote prompt, orderly, and proper business conduct. *See id.* This court has previously found "shall" to be mandatory when used in the Controlled Substance Act, *State v. One 1977 Oldsmobile*, 700 S.W.2d 33, 36 (Tex.App.—Fort Worth 1985) (opinion on reh'g), *rev'd on other grounds*, 715 S.W.2d 641 (Tex.1986), and we find no reason to believe the provision now under scrutiny is merely intended to promote proper business conduct. Because we find hearings on forfeiture cases must be set within thirty days, evidence of harm is irrelevant.

The State argues it cannot set hearings on forfeiture cases and should not be burdened by the trial court's failure to set a hearing. We realize the State can only

request a setting and we understand the State may sometimes be put in a precarious position: continue to urge a setting or mandamus the court. In this case, the State's request for a setting was not honored by the trial court. The State was diligent in trying to have the hearing set and we realize the dismissal cannot be attributed to the State. Nevertheless, we are bound to interpret statutes as the legislature enacts them and we must follow their provisions when they are as unambiguous as the one at bar.

Because no hearing was set on the forfeiture case within the thirty-day mandate of article 4476–15, sec. 5.07(a), the trial court was correct in dismissing the suit. The judgment is affirmed.