Epifanio LOPEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–89–447–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 4, 1990.

Fred Turner, Port Lavaca, for appellant.

Mark R. Kelly, Crim. Dist. Atty., Port Lavaca, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

The trial court ordered $11,000 cash which had been seized from appellant forfeited to the Calhoun County Sheriff's Dept. under the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.07 (Vernon 1976)[1]. Appellant raises two points, the first asserting that the State failed to set a hearing within thirty days, and the second challenging the sufficiency of the evidence to support the judgment. We reverse the trial court's judgment.

■ By point one, appellant complains that the State did not secure a setting for

---

1. The Texas Controlled Substances Act is now partly repealed and partly recodified at Tex. Health & Safety Code Ann. § 481.151 et seq. (Vernon Pamph.1990). However, Acts 1989, 71st Leg., 1st C.S., ch. 12, § 6, eff. Oct. 18, 1989, repealed § 481.157(a)–(d), the old forfeiture hearing provisions. The new forfeiture provisions effective Oct. 18, 1989 are contained in Tex.Code Crim.Proc.Ann. art. 59.01 et seq. (Vernon Supp.1990), and do not now contain the 30–day hearing provision. The old provisions are applicable to this case.

the forfeiture hearing within thirty days of the defendant's answer, claiming that § 5.07(a) requires it. The State contests appellant's standing and, alternatively, argues that the language in that section is directory rather than mandatory.

The State's Original Notice of Seizure and Intention to Forfeit alleged that appellant "may claim a right to ownership or possession of the property the subject of this suit." It alleged that D.P.S. Officer Bryon K. Prall seized the $11,000 after discovering it during a consent search of a vehicle appellant operated. The only theory alleged to support the forfeiture was that the money was used in violation of art. 4476–15.

Appellant filed a general denial on May 30, 1989. On July 5, 1989, appellant filed a Motion to Dismiss pursuant to § 5.07(a) of art. 4476–15 and requested a return of the money. Thereafter, the State immediately had the case set for July 6, 1989. Thus, no setting had been obtained within the thirty days after appellant filed his answer. Section 5.07(a) instructs, "If an answer is filed, a time for hearing on forfeiture *shall* be set within 30 days of filing the answer...." (emphasis added).

■ Although older authorities are split on whether the *shall* is directory or mandatory [2], we are persuaded by the action of our Supreme Court in denying writ in *State v. $4097 in U.S. Currency,* 773 S.W.2d 674, 676 (Tex.App.—Fort Worth 1989, writ denied). That case squarely held the thirty-day limitation for obtaining a setting mandatory [3] (even though the State had re-quested a setting before the thirty days elapsed). The record in this case does not show any attempt by the State to have the case set until after the thirty days had elapsed and the defendant had filed his motion to dismiss. We are also mindful of the due process rights of property owners. We hold that the *shall* as used in § 5.07(a) is mandatory, and conclude that since the time had expired, the hearing was illegally set and held. In the most recent case found, the El Paso Court of Appeals has also followed the reasoning of *$4097 in U.S. Currency,* holding the provision that the State must obtain a setting within 30 days of the answer date is mandatory. *State v. One 1986 Nissan,* No. 08–89–3241–CV (Tex.App.—El Paso, June 27, 1990) (not yet reported). The date selected is left to the court. There is no requirement that the hearing be held, but it must be set within 30 days of the answer date.

■ At the hearing and although the State had never pleaded entitlement to the money under a claim of abandonment, the State presented evidence in support of the position that appellant had abandoned the seized money. On appeal, the State contends that appellant lacked standing to contest the forfeiture based on the alleged abandonment. However, the State did not raise the issue of abandonment until the hearing, at which point it was too late.

■ Under Texas law, abandonment is a fact question. *City of Anson v. Arnett,* 250 S.W.2d 450, 454 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.). Abandonment is an owner's relinquishment of a right

---

**2.** *See Clark v. State,* 693 S.W.2d 23, 24 (Tex.App.—Beaumont 1985, no writ) (§ 5.07(a) mandated matter be set, but not actually heard); *State v. Boren,* 654 S.W.2d 547, 549 (Tex.App.—Waco 1983, no writ) (§ 5.07(a) directed a hearing to be held, not just set); *State v. Cherry,* 387 S.W.2d 149, 152 (Tex.Civ.App.—Dallas 1965, no writ) (provisions for immediate filing and for hearing within thirty days of answer are directory); *McKee v. State,* 318 S.W.2d 113, 117 (Tex. Civ.App.—Amarillo 1958, writ ref'd n.r.e.) (provision for hearing forfeiture within thirty days of answer directory); *State v. One 1977 Oldsmobile,* 700 S.W.2d 33, 36 (Tex.App.—Fort Worth 1985), *rev'd on other grounds,* 715 S.W.2d 641 (Tex.1986) (shall is mandatory in § 5.07(d)); *State v. Three Thousand Five Hundred Dollars*

*($3,500.00) Lawful Currency,* 693 S.W.2d 574, 575 (Tex.App.—San Antonio 1985, no writ) (filing limitation is mandatory under § 5.05(a)).

**3.** This view favors a strict construction of the forfeiture statute and also comports with our interpretation of *shall* in § 5.05(a) in *State v. Garza,* 760 S.W.2d 734, 734–35 (Tex.App.—Corpus Christi 1988), *rev'd on other grounds,* 783 S.W.2d 198 (Tex.1989). *Garza* held that failure to institute proceedings within thirty days of the seizure barred the State's forfeiture action. The Supreme Court reversed because *Garza* counted the thirty days from the time the DEA agents seized the property rather than from the time the State took possession of it.

with the intention to forsake and desert it. *Texas Water Rights Comm'n v. Wright*, 464 S.W.2d 642, 646 (Tex.1971). One who relies on abandonment has the burden of establishing it. *Huffington v. Upchurch*, 532 S.W.2d 576, 579 (Tex.1976). The evidence of abandonment developed during the illegal hearing will not support a judgment which should not have been rendered. We overrule point one.

Because we have determined that the hearing was improper, we need not review the evidence and will not address point two. Tex.R.App.P. 90(a). We REVERSE the trial court's judgment and RENDER that the money be returned to appellant.

NYE, C.J., files a dissenting opinion.

NYE, Chief Justice, dissenting.

I respectfully dissent. The central issue in this case, as argued and briefed by the parties, concerns whether the State, in a forfeiture proceeding, has an absolute mandatory duty to set the forfeiture hearing within thirty days from the date of the defendant's answer. The majority would hold that the thirty-day limitation for obtaining a setting is obligatory and if not met, the State loses its claim to the contraband. Given the adverse impact that the majority opinion would have on the criminal justice system, I must disagree.

On May 18, 1989, Trooper Bryon Prall properly stopped a speeding vehicle which appellant drove. Because of outstanding warrants for appellant's arrest, the vehicle was impounded and searched. Trooper Prall seized $11,000.00 which he discovered inside the vehicle's trunk. On May 19, 1989, the State filed an "ORIGINAL NOTICE OF SEIZURE AND INTENTION TO FORFEIT", requesting forfeiture of the money under Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Vernon 1976). On May 30, 1989, appellant filed an answer. On July 5, 1989, appellant filed a motion to dismiss alleging that art. 4476–15, § 5.07(a) requires the State "to have a hearing on the seizure and forfeiture within thirty (30) days from the date of the Defendant's Answer."

The trial court denied appellant's motion to dismiss. On August 24, 1989, the trial court heard the State's forfeiture action and ordered the $11,000.00 forfeited to the Calhoun County Sheriff's Department.

In *State v. Boren*, 654 S.W.2d 547 (Tex. App.—Waco 1983, no writ), the State seized $7,300.00 which Boren allegedly received in narcotics transactions. The State filed a notice of the seizure and intended forfeiture. Boren filed his answer on October 25, 1982. The State filed a request for setting on November 15, 1983. Notice of setting was filed December 10, 1982, stating that the hearing would be held January 5, 1983. The trial court dismissed the case in response to Boren's motion to dismiss for failure to timely set the hearing. The appellate court held that the language in art. 4476–15, § 5.07(a) is not mandatory but is directory and that the trial court erred in dismissing the case. *Boren*, 654 S.W.2d at 548.

In *McKee v. State*, 318 S.W.2d 113 (Tex. Civ.App.—Amarillo 1958, writ ref'd n.r.e.), the State instituted a suit for confiscation and forfeiture of an automobile allegedly used in narcotics transportation. McKee filed his answer on November 26, 1956, and the case was tried on July 23, 1957. McKee, the vehicle's owner, argued on appeal that the trial court erred by failing to hear the forfeiture within 30 days from the date of his filing of a verified answer. *McKee*, 318 S.W.2d at 116. At that time, the Act of May 21, 1955, ch. 300, § 5, 1955 Tex.Gen. & Spec.Laws 810, 812, *repealed by* Texas Controlled Substances Act, ch. 429, 1973 Tex.Gen. & Spec.Laws 1132, (codified at Tex.Rev.Civ.Stat.Ann. art. 4476–15 (Vernon 1976)), provided that "[i]f such answer is filed, a time for hearing on forfeiture shall be set within thirty (30) days of the date of filing the answer and notice of such hearing shall be sent to all owners as prescribed in Section 4 of this Act." The *McKee* court held this language to be directory rather than mandatory. *McKee*, 318 S.W.2d at 117; *see also State v. Cherry*, 387 S.W.2d 149 (Tex.Civ.App.—Dallas 1965, no writ) (holding directory the thirty-day limitation period for obtaining a setting under chapter 300, § 5 of the 1955 Tex. Gen. & Spec.Laws).

In considering whether the thirty-day limitation period for obtaining a setting is mandatory or directory, the *McKee* court discussed the interrelations of various sections and subsections of chapter 300 of the 1955 Tex.Gen. & Spec.Laws. The requirements of chapter 300 and its subsections were not materially different from the forfeiture procedures found in art. 4476–15. I believe that the *McKee* court's reasoning and its decision is controlling over similar facts in our case. *McKee* has never been overruled. The *McKee* court very properly applied settled principles of statutory construction to the thirty-day requirement in finding the provision to be directory. Neither those principles nor the essential wording of the provision has changed since the *McKee* court considered them.

In light of the court's decision in *State v. $4097 in U.S. Currency*, 773 S.W.2d 674 (Tex.App.—Fort Worth 1989, writ denied) (the majority's authority), a conflict exists amongst the appellate courts concerning whether the State has a mandatory duty to set a forfeiture hearing within thirty days from the date the defendant files his answer.[1] Our Legislature, however, has attempted to correct this conflict by repealing art. 4476–15, § 5.07(a) and enacting the Act of Aug. 2, 1989, ch. 12, 1989 Tex.Gen. & Spec.Laws, 1st C.S. 14. This new act, codified at Tex.Code Crim.Proc.Ann. arts. 59.01–59.10 (Vernon Supp.1990), excludes the language pertaining to any possible mandatory effect of the thirty-day limitation period for obtaining a setting of the case. Our Legislature realized the possible impropriety of art. 4476–15, § 5.07(a) and its effect on the criminal justice system. It made no such required setting date in Tex. Code Crim.Proc.Ann. arts. 59.01–59.10 (Vernon Supp.1990).

Furthermore, Tex. Const. art. 1, § 19 provides that "[n]o citizen of this State shall be deprived of ... property ... except by due course of the law of the land." The central theme under art. 1, § 19 is that when the government interferes with a person's property rights, that person is enti-

tled to notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Galindo v. State*, 535 S.W.2d 923, 927 (Tex.Civ.App.—Corpus Christi 1976, no writ). A setting within 30 days does not accomplish that intended result.

Here, appellee had a forfeiture hearing within ninety-eight days after the State seized his alleged property. The suit was filed within thirty days after the property was seized as required by the new forfeiture law. The State initiated the suit the day after the property was seized. Appellee does not complain here, nor did he complain in the trial court that the hearing date violated his constitutional right to due process; rather, he complains of the technicality that the hearing was not set within thirty days from the date he filed his answer. Appellant does not contend or attempt to show that the State's inability to set the hearing within the thirty-day period caused him harm.

I would hold that art. 4476–15, § 5.07(a) is directory and not mandatory. The old statute was intended only to promote the orderly and prompt setting of the case. I would affirm the trial court's judgment.

---

1. The court's decision that the State must set the hearing during the thirty-day limitation period was shortsighted. The court does not consider the extenuating circumstances which may affect either the State's or the trial court's ability to set similar cases for hearing.