**STATE of Texas, Appellant,**

v.

**Rodolfo RIVERA, Jr. and 1979 Ford Welding Truck, In Rem, Appellee.**

**No. 13–90–053–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 18, 1990.

Rehearing Overruled Nov. 29, 1990.

Carlos Valdez and Bradford M. Condit, Corpus Christi, for appellant.

Celso Rodriguez, Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KEYS, JJ.

OPINION

DORSEY, Justice.

This is a drug forfeiture case commenced under Tex.Rev.Civ.Stat.Ann. art. 4476–15 §§ 5.03–5.08 (Vernon 1976) (repealed)[1], by which the State seeks forfeiture of a 1979 Ford Welding Truck presently belonging to Rodolfo Rivera. The trial court dismissed the cause for failure to comply with the requirement of section 5.07(a), that a forfeiture hearing be set within thirty days of the defendant's filing an answer. The State of Texas appeals by three points of error challenging the dismissal.

All three points attack the trial court's decision to dismiss based on the provision of section 5.07(a) that, "[i]f an answer is filed, a time for hearing on forfeiture shall be set within thirty days of filing the answer and notice of the hearing shall be sent to all parties."[2]

Nueces County Sheriff's Deputies seized Rivera's truck on April 10, 1989. On April 18th the present forfeiture action was filed,

1. Now Tex.Code Crim.Proc.Ann. ch. 59 (Vernon Supp.1990).

2. We note that the 30–day requirement does not apply to forfeiture cases initiated after the enactment of Tex.Code Crim.Proc.Ann. art. 59.-05(a) & (b) (Vernon Supp.1990), which now provides that the rules of pleading and procedure in forfeiture cases are the same as in other civil cases.

and Rivera answered on April 26th. On April 28th the State requested the trial court to set a hearing, but the court refused. On July 6th Rivera moved the court to dismiss the forfeiture action for failure to comply with section 5.07(a). On October 13th the trial court dismissed the action based on Rivera's motion.

By its third point of error the State complains that section 5.07(a) is discretionary and that a dismissal for noncompliance is not the correct remedy. There is some disagreement among the courts of appeals concerning the mandatory or directive nature of section 5.07(a)'s 30 day requirement. The State urges us to follow *State v. Boren*, 654 S.W.2d 547 (Tex.App.—Waco 1983, no writ). In *Boren*, the Waco court held that the requirement is merely directive and dismissal is not warranted absent a showing of harm to the defendant. *Id.* at 548; *see also McKee v. State*, 318 S.W.2d 113, 116–17 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.).

Rivera, however, urges us to follow more recent and prevalent pronouncements, including our own, that the requirement is mandatory and dismissal is proper when the trial court fails to set a hearing within thirty days following the defendant's answer. *Lopez v. State*, 797 S.W.2d 272 (Tex. App.—Corpus Christi, 1990); *State v. One (1) 1986 Nissan Automobile*, 792 S.W.2d 577, 578–79 (Tex.App.—El Paso 1990, no writ); *Lovelace v. Downey*, 783 S.W.2d 824, 826 (Tex.App.—Houston [14 Dist.] 1990, no writ); *State v. $4,097 in U.S. Currency*, 773 S.W.2d 674, 675 (Tex.App.—Fort Worth 1989, writ denied); *Clark v. State*, 693 S.W.2d 23, 24 (Tex.App.—Beaumont 1985, no writ).

■ At issue here is the interpretation of provisions of a forfeiture statute. The law abhors forfeitures and construes them strictly against the forfeiture when they are a matter of contract. *See Williams v. Northrup*, 649 S.W.2d 740, 746 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Parham v. Glass Club Lake, Inc.*, 533 S.W.2d 96, 99 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). The strict construction against the forfeiture should also be utilized when the forfeiture is to the sovereign and is created by statute. *See State v. Young's Market Co.*, 369 S.W.2d 659, 662 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.). We therefore follow the more recent, and we believe persuasive, authority and hold the provision that the action be set within 30 days to be mandatory and dismissal to be the correct remedy. The State's third point of error is overruled.

■ By its first point of error the State complains that it should not be prejudiced by the trial court's failure to comply with section 5.07(a). However, regardless of the diligence of the State's attorneys in requesting a setting, we cannot take it upon ourselves to judicially create a means to allow the State to proceed with the action and circumvent the clear mandate of the statute. *See $4,097 in U.S. Currency*, 773 S.W.2d at 675–76. The State's first point of error is overruled.

■ By its second point of error the State complains that Rivera waived reliance on section 5.07(a) by failing to request a setting or object to the scheduling or trial setting until he filed a July 6th motion to dismiss, long past the 30 day period. However, nowhere in the statute is the burden placed on the defendant to request a setting. Rather, it was the State's and the trial court's responsibility under the statute to set the case within 30 days after Rivera's answer. It is not Rivera's responsibility to insure that the State and the court comply with mandatory provisions of the law which may preclude their right to proceed with the action. The State's second point of error is overruled. *See id.* at 675–76.

The judgment of the trial court is affirmed.

NYE, C.J., dissents.

NYE, Chief Justice, dissenting.

I respectfully dissent. The issue is whether the State, in a forfeiture proceeding, has an absolute mandatory duty to set the forfeiture hearing within thirty days from the date of the defendant's answer.

The majority would hold that the thirty-day limitation for obtaining a setting is obligatory and if not met, the State loses its claim to the seized property. Given the adverse impact that the majority opinion would have on the criminal justice system, I must disagree.

On April 18, 1989, the State filed suit against Rodolfo Rivera, alleging that on or about April 10, 1989, Nueces County sheriff's agents seized a 1979 Ford welding truck which he owned. The State alleged that this truck "was derived and used, or intended to be used for the distribution, delivery or was derived from the sale or distribution of a controlled substance". On April 26, 1989, Rivera answered the suit and denied that the truck was subject to forfeiture.

On July 6, 1989, Rivera filed a motion to dismiss the State's forfeiture action. His basis for dismissal is that Tex.Rev.Civ.Stat. Ann. art. 4476–15 § 5.07(a) "provides that upon the filing of a sworn deanial [sic] by an owner of property sought to be forfeited by the State, '... a time for hearing on forfeiture shall be set within 30 days of filing the answer and notice of the hearing shall be sent to all parties.' "

The evidence shows that on April 28, 1989, the State sent a letter to the trial court which reads (emphasis mine), in pertinent part: *"Please schedule the above referenced case so it may be tried within thirty (30) days of the Defendant's Original Answer.* In the alternative, please schedule a Docket Control Hearing." The trial court set the case for a docket control conference on May 12, 1989. On June 20, 1989, the State sent a second letter to the trial court requesting that the case be scheduled for trial within thirty days of Rivera's answer. In the alternative, the State requested a docket control hearing. The trial court set the case for a docket control conference on July 12, 1989. The docket control conference was held on that date, and the case was set for a non-jury trial on September 28, 1989. On September 28, 1989, a hearing was held, and the trial court dismissed the case due to the State's alleged failure to comply with the thirty-day requirement for setting the case for trial.

In *State v. Boren,* 654 S.W.2d 547 (Tex. App.—Waco 1983, no writ), the State seized $7,200.00 which Boren allegedly received in narcotics transactions. The State filed a notice of the seizure and intended forfeiture. Boren filed his answer on October 25, 1982. The State filed a request for a setting on November 15, 1983. Notice of setting was filed December 10, 1982, stating that the hearing would be held January 5, 1983. The trial court dismissed the case in response to Boren's motion to dismiss for failure to timely set the hearing. The appellate court held that the language in art. 4476–15, § 5.07(a) is not mandatory but is directory and that the trial court erred in dismissing the case. *Boren,* 654 S.W.2d at 548.

In *McKee v. State,* 318 S.W.2d 113 (Tex. Civ.App.—Amarillo 1958, writ ref'd n.r.e.), the State instituted a suit for confiscation and forfeiture of an automobile allegedly used in narcotics transportation. McKee filed his answer on November 26, 1956, and the case was tried on July 23, 1957. McKee, the vehicle's owner, argued on appeal that the trial court erred by failing to hear the forfeiture within thirty days from the date of his filing of a verified answer. *McKee,* 318 S.W.2d at 116. At that time, the Act of May 21, 1955, ch. 300, § 5, 1955 Tex. Gen. & Spec. Laws 810, 812, *repealed by* Texas Controlled Substances Act, ch. 429, 1973 Tex. Gen. & Spec. Laws 1132, provided that "[i]f such answer is filed, a time for hearing on forfeiture shall be set within thirty (30) days of the date of filing the answer and notice of such hearing shall be sent to all owners as prescribed in Section 4 of this Act." The *McKee* court held this language to be directory rather than mandatory. *McKee,* 318 S.W.2d at 117; *see also State v. Cherry,* 387 S.W.2d 149 (Tex. Civ.App.—Dallas 1965, no writ) (holding directory the thirty-day limitation period for obtaining a setting under chapter 300, § 5 of the 1955 Tex. Gen. & Spec. Laws).

In considering whether the thirty-day limitation period for obtaining a setting is mandatory or directory, the *McKee* court discussed the interrelations of various sections and subsections of chapter 300 of the

1955 Tex. Gen. & Spec. Laws. The requirements of chapter 300 and its subsections were not materially different from the forfeiture procedures found in art. 4476–15. I believe that the *McKee* court's reasoning and its decision is controlling over similar facts in our case. *McKee* has never been overruled. The *McKee* court very properly applied settled principles of statutory construction to the thirty-day requirement in finding the provision to be directory. Neither those principles nor the essential wording of the provision has changed since the *McKee* court considered them.

In the instant case, the State twice tried to obtain a trial setting within thirty days of the date Rivera filed his answer. The trial court, however, did not set the case within this time period. The majority's decision that the State must set the hearing within thirty days of the defendant's answer date is certainly short-sighted. The majority does not even consider the extenuating circumstances which may affect either the State's or the trial court's ability to set this case for a hearing. The majority places an impossible burden on the State. This is not a case where the State simply filed suit and then failed to even try to obtain a hearing date.

Upon studying the majority's authority, *State v. $4097 in U.S. Currency, State v. One (1) 1986 Nissan Automobile, Lovelace v. Downey,* and *Clark v. State,* I note that a conflict exists amongst the appellate courts concerning whether the State has a mandatory duty to set a forfeiture hearing within thirty days from the date the defendant files his answer. Our Legislature, however, has attempted to correct this conflict by repealing art. 4476–15, § 5.07(a) and enacting the Act of Aug. 2, 1989, ch. 12, 1989 Tex. Gen. & Spec. Laws, 1st C.S. 14. This new act, codified at Tex.Code Crim. Proc. Ann. art. 59.01–10 (Vernon Supp.1990), excludes the language pertaining to any possible mandatory effect of the thirty-day limitation period for obtaining a setting of the case. Our Legislature realized the tremendous impropriety of art. 4476–15, § 5.07(a) and its adverse effect on the criminal justice system. The Legislature made no such required setting date in arts. 59.01–59.10.

Tex.Const. art. 1, § 19 provides that "[n]o citizen of this State shall be deprived of ... property ... except by due course of the law of the land." The central theme under art. 1, § 19 is that when the government interferes with a person's property rights, that person is entitled to notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Galindo v. State,* 535 S.W.2d 923, 927 (Tex.Civ. App.—Corpus Christi 1976, no writ). A setting within thirty days does not accomplish that intended result.

Here, the State filed suit within thirty days after it seized the property. This satisfied the new forfeiture law requirements. Rivera does not complain here nor did he complain to the trial court that the September 28 hearing date violated his constitutional right to due process; rather, he complains of the technicality that the hearing was not set within thirty days from the date he filed his answer. Rivera does not contend or attempt to show that the State's inability to set the hearing within the thirty-day period caused him harm.

I would hold that art. 4476–15, § 5.07(a) is directory and not mandatory. The old statute was intended only to promote the orderly and prompt setting of the case. I would reverse the trial court's judgment and remand the case for a trial on the merits.